## LYDIA C. MORGAN

*v.*

## JOHN L. JOHNSON.

GUARDIAN—*liability to account for land exchanged.* Where a guardian traded land of his ward for other lands, taking the deed in the ward's name, it was *held*, that the guardian, in stating his account, was not chargeable with the value of the land so traded, even though the ward tendered him a deed for the land taken in exchange, as the ward was not bound by the trade, and might, on arriving at age, have repudiated it and recovered her property.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a proceeding instituted by Lydia C. Morgan, against John L. Johnson, her former guardian, for an account.

Mr. G. VAN HOOREBEKE, for the plaintiff in error.

Mr. W. STOKER, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This proceeding was originally commenced in the county court to recover an alleged balance in the hands of appellee, as guardian of appellant. The cause was removed to the circuit court by appeal, where a trial was had, and the court found there was due appellant, from her former guardian, the sum of $284.80, but she, being dissatisfied with the finding, brings the case to this court.

There is no detailed statement of the accounts between the parties to be found in the record, and it is very difficult to get an accurate understanding of the basis of the judgment of the court, or what items were allowed and what were rejected.

In 1866, the appellee made a settlement with the county court, and presented an itemized account of the various sums

which he says he received for his ward, in which he charges himself with compound interest on the several sums, and, after deducting credits, there remained a balance in his hands of $1459.89, which sum, by order of the court, he paid over to his successor for his late ward.

There were some items omitted in that settlement which ought perhaps to have been included, and the court doubtless allowed them in making up the amount found due. The principal objection taken to the judgment of the circuit court seems to be, it did allow an item of $146, claimed as the value of appellant's interest in a tract of land in Shelby county, which had been exchanged by appellee for another in Clinton county. The deed to this latter tract was taken in the name of appellant when she was a minor and could give no consent to the transaction. Before the trial in the circuit court she tendered appellee a deed for the Clinton county land, and insists she always repudiated the trade, and for that reason seeks to charge her guardian with the value of her land in Shelby county. This she can not do. He did not convert it into money, but simply exchanged it for other land. She was in no way bound by the transaction, and could, on arriving at age, have repudiated it and recovered her property. Now she is of age she can ratify the trade that was made for her benefit and retain the Clinton county land if she chooses to do so. If appellee has or shall hereafter accept the deed tendered, he will, doubtless, have to account to her for the value of the land. The item for the land was, therefore, properly excluded from the computation.

We can not say the finding of the court, as to the remainder of the account, is against the weight of the evidence. There is some conflict in the testimony as to a number of the items claimed to be due, and upon the whole evidence we are satisfied justice has been done, and the judgment of the circuit court is accordingly affirmed.

*Judgment affirmed.*