### American Surety Company of New York, Appellant, v. Eli S. Sperry, Guardian, Appellee.

1. GUARDIAN AND WARD—*right of surety upon bond to discharge.*  A
surety upon a guardian's bond has a right by petition to require his
principal to account and to give a new bond.

2. GUARDIAN AND WARD—*when petition by surety should not be dis-
missed.*  It is error for the court to dismiss a petition by a surety which
prays for some relief to which he is entitled.

Petition for release of surety, etc.  Appeal from the Circuit Court
of Vermilion county; the Hon WILLIAM B. SCHOLFIELD, Judge, presiding.
Heard in this court at the November term, 1909.  Reversed and re-
manded.  Opinion filed May 28, 1910.

L. R. ATKINS, O. M. JONES and W. J. BOOKWALTER, for
appellant.

REARICK & MEEKS, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of
the court.

On January 13, 1909, the American Surety Company of
New York filed its petition in the county court of Vermilion
county, in the matter of the estate of Chester H. Chapman, a
minor, then pending in said court, wherein it averred in
substance, as follows: That on September 11, 1899, one Eli
S. Sperry was duly appointed guardian of said minor and

filed his guardian's bond in the penal sum of $5000 with John W. Goodwine and Arminda Goodwine as sureties thereon; that, thereafter, on December 23, 1901, said Sperry as such guardian invested certain funds of said minor in real estate in the county of Vermilion in the State of Illinois, describing the same, and that said funds were not derived from the sale of real estate belonging to said minor; that on March 23, 1907, the said Sperry filed in said court his official bond as guardian of the said minor in the penal sum of $16,000 with the petitioner as surety thereon, setting out said bond *in haec verba;* that on October 5, 1907, the said guardian invested certain funds belonging to said minor in 167,753 acres of land in the county and state aforesaid, particularly describing the same, and that said funds were not derived from the sale of real estate belonging to said minor; that on March 27, 1908, the said Sperry as such guardian filed in said court his official bond dated March 26, 1908, in the penal sum of $22,000 with L. C. Messner and W. H. Rice as sureties; that it desires to be relieved and discharged from all further liability as surety upon the said bond of said Sperry as guardian of said minor. The prayer of the petition is that the said Sperry as such guardian of said minor be required to file in said court within a short day to be fixed by the court his report and account showing all his acts and doings as such guardian from the date of his appointment to the filing of said petition, and that he be required to restore the funds of his ward invested in real estate, as aforesaid, or to proceed to a sale of the said real estate for the purpose of re-investing the funds derived from said sale in such investments as may be authorized by law, and when such sale shall have been made, he be required to report the same to the court, and upon the approval of his accounts he be required to file a new bond with sureties to be approved by the court; and that the petitioner may thereupon be released and discharged from all liability upon the bond whereon it is surety.

On the same day the said petitioner filed its petition containing the like averments and prayers, in the matter wherein the said Sperry was guardian of Wilmer G. Chapman, a

minor.  To these petitions, Sperry, as guardian of said min-
or, interposed his general and special demurrers which were
sustained by the county court and said petitions dismissed.
From the order dismissing said petitions, the petitioner ap-
pealed to the circuit court, where on a hearing upon the de-
murrers to said petitions said demurrers were sustained and
judgment entered against the petitioner in bar of said pro-
ceedings and for costs.  From this judgment in said proceed-
ings, as consolidated in the circuit court, the petitioner prose-
cutes its further appeal to this court.

The main question presented for our consideration and de-
termination by counsel for both parties, is, whether or not
it was within the power of the county court to direct the
respondent, Sperry, as guardian of the minors, Chester H.
and Wilmer G. Chapman, to invest the funds belonging to
his wards, not derived from the sale of their real estate, in
the purchase of real estate.  There is no averment in the pe-
titions that the funds belonging to his wards which are al-
leged to have been invested by Sperry in the purchase of
real estate were so invested by the direction of the county
court.  It is elementary that on a hearing upon a demurrer
to a bill or petition, facts extraneous of the petition cannot be
considered in determining the sufficiency or insufficiency of
such bill or petition.  The question sought to be presented
as above indicated, is, therefore, upon this record, purely
academic.

Section 1 of an act entitled "An Act to provide for re-
leasing sureties on the bonds of guardians," etc., approved
May 11, 1877, and in force July 1, 1877, provides: "That
whenever any surety on the bond of any guardian, conser-
vator of any idiot or insane person, or the trustee of any
fund or property appointed by the court, or the heir, execu-
tor or administrator of such surety, desires to be released
from further liability upon any such bond, he may petition
the court in which said bond is filed for that purpose, and
upon notice being given to such guardian, conservator or
trustee in such manner as the court may direct, the court
shall compel such guardian, conservator or trustee, within a

reasonable time to be fixed by the court, to appear and settle his accounts and file in such court a new bond with such penalty and security as may be approved by the court, which being done, the surety may be discharged from all liability on such bond." Rev. Stat. 1908, 1495. The petitions here involved recite the desire of the petitioner to be released from further liability as surety upon the bonds of the respondent as guardian of Chester H. and Wilmer G. Chapman, minors, and pray that the respondent be required to file a report and account of his acts and doings as such guardian from the date of his appointment to the time of the filing of said petitions. Under the provisions of the section of the statute above quoted, it became the duty of the county court to grant the prayer of the petitions in the respect indicated, and the dismissal by said court of said petitions upon sustaining the demurrers thereto was error. Conceding that the allegations in the petitions did not warrant the court in granting the prayers of the petitioner in other respects, and that such allegations and prayers were obnoxious to the demurrers interposed thereto, the petitions should not have been dismissed, or judgment entered in bar of the proceedings, but such petitions should have been retained for a hearing upon that portion thereof which conformed to the provisions of the statute entitling the petitioner to be released as surety upon the bonds of the respondent. Gibbs v. Davies, 168 Ill. 205.

For error in entering judgment against the petitioner in bar of the proceedings such judgment is reversed and the cause remanded for further proceedings not inconsistent with the views here expressed.

*Reversed and remanded.*