## Richard Snell, Administrator, Appellant, v. Lincoln H. Weldon, Appellee.

1. APPEALS AND ERRORS—*how appeal from county to circuit court should be heard.* Upon appeal from the county to the circuit court the case should be heard *de novo,* and the circuit court should retain jurisdiction of the case and enter the appropriate order.

2. EXECUTORS AND ADMINISTRATORS—*when order to turn over assets of estate erroneous.* Upon the setting aside of a will it is error for the county court to order the executor to turn over to an administrator appointed all of the property in his possession belonging to the estate without first affording to the executor an opportunity to state his account.

Appeal from the Circuit Court of De Witt county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed May 26, 1911.

LEMON & LEMON, EDWARD J. SWEENEY and INGHAM & INGHAM, for appellant.

JOHN FULLER, JAMES S. EWING, HERRICK & HERRICK and BARRY & MORRISSEY, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

By his last will and testament and codicils thereto duly admitted to probate in the county court of DeWitt county, the testator, Thomas Snell, nominated and appointed the appellee, Lincoln H. Weldon, as his executor and trustee. On July 26, 1907, appellee was by said county court appointed such executor and duly qualified as such. At the same time appellee tendered his resignation as trustee under said will. Thereafter, Richard Snell, a son of the testator, filed his bill in equity in the circuit court of DeWitt county to set aside said will and codicils thereto, and proceedings were there had resulting in a decree setting aside said will and codicils, which decree was affirmed by the Supreme Court. Snell v. Weldon, 243 Ill. 496. On April 1, 1910, Richard Snell filed his petition in said county court for the revocation

by said court of the letters testamentary theretofore issued to appellee, and for the appointment of the petitioner as administrator of the estate of said Thomas Snell, and upon the same day the county court entered an order revoking the said letters testamentary so issued to appellee and ordered that letters of administration upon the estate of Thomas Snell be issued to Richard Snell upon his filing bond in the penal sum of $130,000, and further ordered that appellee within ten days after notification to him of the qualification of Richard Snell as administrator, turn over, transfer and deliver to Richard Snell as such administrator, all monies, papers, certificates of stock, deeds, mortgages, notes, leases, property and other assets then in his hands, or then under his control belonging to said estate. On April 5, 1910, appellee filed in said county court a report of all his acts and doings as executor of the last will and testament of Thomas Snell, and of all monies received and disbursed by him as such executor during a period of nearly three years, which said report also contained a statement by appellee to the effect that after the will of his testator was admitted to probate suit was instituted to set the same aside; that he was made a party defendant to said suit as executor, and in that capacity employed attorneys to defend the same; that said suit was tried in January and February, 1908, upon which trial the jury disagreed; that it was again tried at the May term, 1908, of the circuit court of DeWitt county, when a decree was entered setting aside said will, which decree on his appeal to the Supreme Court was reversed; that said suit was again tried at the May term, 1909, of the said circuit court, where a decree was entered setting aside said will, which decree on his appeal to the Supreme Court was affirmed; that by reason of said litigation he had incurred a liability to the attorneys employed by him, for their services in defending said suit, and that said attorneys had presented to him their bill for $75,000 therefor, which amount appellee prayed that he be authorized to pay to said attorneys out of the assets of the estate. Appellee then also filed his motion in said county court to set aside and vacate the order entered by said court on April 1, 1910, requiring

him to turn over the property of said estate to appellant as administrator, which motion was denied by the county court. Appellee then also entered his motion in said county court for a rule on appellant as administrator to file objections to his report as executor and for a hearing on said report. Appellant then entered his cross motion to strike the report of appellee as executor from the files. The county court denied appellee's motion for a rule on appellant as administrator to file objections to his report and for a hearing on said report and granted appellant's motion to strike said report from the files. A separate appeal was taken by appellee to the circuit court from each of three several orders and judgments of the county court above recited, viz: First, the order entered April 1, 1909, requiring appellee to turn over all the property in his hands to appellant as administrator; second, the judgment refusing to set aside and vacate the order entered April 1, 1910; third, the order striking appellee's report as executor from the files.

On the hearing in the circuit court upon the matters involved on the appeal from the order in the county court requiring appellee to turn over the property in his hands to appellant, after appellant's motion to dismiss said appeal had been overruled, the circuit court found that in due course of law the county court should have required appellee as executor to report within a specified time what property he had in his hands and then have required him to turn over the same, and it was ordered by the circuit court that the order of the county court requiring appellee to turn over the property be reversed and the cause remanded to the county court, and that the county court determine what property, if any, appellee had in his hands as executor and order him to deliver the same when ascertained to appellant as administrator. The costs of the proceeding were taxed against appellant to be paid in due course of administration. This appeal is prosecuted to reverse such order and judgment of the circuit court, and appellee has assigned cross errors upon the action of the circuit court in refusing to try the case *de novo* and in remanding the same to the county court.

The county court erroneously required appellee to turn over all the property in his possession as executor to appellant as administrator without giving appellee an opportunity to state his account as such executor, and the finding of the circuit court that the county court erred in that particular was right. While section 29 of the act entitled Administration of Estates provides that in all cases where a will, testament or codicil shall have been proved and letters granted thereon, and such will shall thereafter be set aside by due course of law, the letters granted thereon shall be revoked, nevertheless the general rule as announced in Smith v. Smith, 168 Ill. 488, is that the acts of an executor after probate are valid notwithstanding the consequent setting aside of the probate. The order of the county court operated as a final judgment against appellee and an appeal therefrom was properly taken to the circuit court. Randolph v. The People, 130 Ill. 533.

The cross-errors assigned by appellee are well assigned. The statute provides that upon appeal from the county court to the circuit court a case shall be tried *de novo*. Rev. Stat. 1909, 692, par. 212; Richardson v. Emberson, 96 Ill. App. 403. The circuit court should have retained jurisdiction of the case and entered such order therein directing appellee, within a reasonable time fixed by the court, to file in said court a report of his acts and doings as executor of the last will and testament of Thomas Snell, deceased.

Upon the cross-errors assigned the order and judgment of the circuit court is reversed and the cause remanded for further proceedings in accordance with the views here expressed.

*Reversed and remanded.*