# City of Sullivan, Defendant in Error, v. Louisa A. Gustin, Plaintiff in Error.

1. ROADS AND BRIDGES—*width of roads established by prescription.* The law does not fix any width for a road acquired by the public by prescription. In such case the public can hold only so much as it has retained in actual use for the requisite period.

2. ROADS AND BRIDGES—*what proof essential in prosecution for violation of ordinance.* In such a case the proof must show that the place

where the obstruction occurred was within the corporate limits of the city whose ordinance was alleged to have been violated.

Action in debt.    Error to the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.    Heard in this court at the November term, 1910.    Reversed.    Opinion filed October 14, 1911.

R. M. PEADRO, for plaintiff in error.

JOHN E. JENNINGS, for defendant in error.

*Per Curiam.*   This was an action in debt to recover a penalty prescribed by an ordinance of the city of Sullivan for an alleged obstruction of a "public street or lane of said city of Sullivan."    The suit was commenced before a justice of the peace, by complaint and warrant.    From the judgment rendered by the justice an appeal was prosecuted to the circuit court where a trial *de novo* by a jury resulted in a verdict and judgment against plaintiff in error for $5 and costs.

The evidence discloses that the obstruction complained of consisted of the maintaining of a fence which enclosed some lots owned by plaintiff in error.    Defendant in error claimed that the fence encroached to the extent of three or four feet upon a public road leading from the country into the city.    There is no evidence tending to prove that the alleged road was a regularly laid out or platted public highway or street. In fact such is not claimed by defendant in error to have been the case.    The claim is that there was a public road at that place by prescription.    There is evidence tending to establish this claim, but not as to the width, or the exact boundary lines of the road or traveled way in general use by the public.

The law does not fix any width for a road acquired by the public by prescription.    In such case the public can hold only so much as it has retained in actual use for the requisite period.    The undisputed evidence proves that after plaintiff in error had erected her

fence, there still remained open for travel a roadway from thirty to fifty feet in width, and there is no evidence tending to prove that the fence is upon or encloses any part of the land over which the public travel actually passed.

Furthermore, this suit was a prosecution to recover a penalty for the violation of a city ordinance, and there is no proof in this record that the place where the road is alleged to have been obstructed was within the corporate limits of the city of Sullivan. It is true that the deed offered in evidence recites that the lots which the fence enclosed were in block 25 of Camfield's railroad addition to the city of Sullivan, and some of the witnesses refer to the place as being in Camfield's addition, but the court can no more take judicial knowledge of whether Camfield's railroad addition or Camfield's addition to the city of Sullivan are within the corporate limits of that city than it can as to the boundary lines of such city.

The judgment of the circuit court is reversed.

*Reversed.*