**American Surety Company of New York, Appellant, v. Eli S. Sperry, Guardian of Wilmer G. Chapman and Chester H. Chapman, minors, and J. F. Chapman, guardian of same minors, Appellees.**

1. APPEAL—*trial de novo.* Where a probate matter is appealed from the county court or probate court to the circuit court, the trial is *de novo.*

2. APPEAL—*when remand is improper.* Where a probate matter is appealed from the county court or probate court to the circuit court, a remand for hearing is improper, but the circuit court should retain the cause for a final hearing upon the questions raised by the appeal.

3. APPEAL—*harmless error.* Where a probate matter appealed from the county court to the circuit court is remanded but a second appeal is taken to the circuit court, and an appeal prosecuted to the appellate court, no harm is done by the irregular practice.

4. GUARDIANSHIP—*appeal by surety on bond.* A surety on a guardian's bond may appeal from a judgment of the circuit court discharging him where such judgment also approves an illegal investment made by the guardian.

5. GUARDIANSHIP—*rights of sureties.* A surety on a guardian's bond may through the medium of the county or probate court compel the guardian to make a proper and lawful investment of the ward's money.

6. GUARDIANSHIP—*investments.* The county or probate court has no chancery jurisdiction or powers to ratify or confirm investments made by a guardian not authorized by statute.

7. GUARDIANSHIP—*disaffirmance of investment.* Minor wards on becoming of age may disaffirm land investments unauthorized by statute if such investments should become disadvantageous.

8. GUARDIANSHIP—*rights of sureties.* A surety on a guardian's bond may compel the restoration of a fund expended in an illegal investment even though a subsequent guardian has ratified such investment.

9. GUARDIANSHIP—*removal of incumbrance.* The probate or county court has power to direct a guardian to use funds in his hands to remove an incumbrance on land donated to his minor wards.

10. GUARDIANSHIP—*when no power to invest in real estate.* A guardian has no power to invest any funds not derived from the sale of real estate in other real estate.

11. GUARDIANSHIP—*guardian cannot profit by illegal investment.* Where a bill is brought to have a guardian restore a fund illegally invested, he cannot retain the profit there might be in such investment.

Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded with directions. Opinion filed March 15, 1912.

R. R. GILKEY, O. M. JONES and W. J. BOOKWALTER, for appellant.

REARICK & MEEKS and ACTON & ACTON, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellee Eli S. Sperry was appointed guardian of Wil-

mer G. and Chester H. Chapman, minors, in September, 1899, by the County Court of Vermilion County, and duly qualified as such guardian. In December, 1909, a grandfather of these minors notified the guardian that he would advance seven thousand dollars for them if a suitable tract of land could be found in which to invest it. Appellee ascertained that the West half of the Southwest quarter of Section Twenty-one (21), Town Twenty-one (21) North, Range Twelve (12), West of the Second P. M. could be purchased for seven thousand six hundred and fifty-six and 25/100 dollars. He then filed a petition in the County Court, setting forth that the grandfather desired to invest seven thousand dollars in real estate for the minors, but that it would require the investment by the guardian of six hundred fifty-six and 25/100 dollars of the wards' money which he then had in his hands. The grandfather paid to the vendor seven thousand dollars, and this left the balance due on the land, six hundred fifty-six and 25/100 dollars, and by the payment of this amount the land would be the property of the wards free of all encumbrances. Upon a hearing on this petition, the County Court authorized the guardian to use six hundred fifty-six and 25/100 dollars in payment of this balance, and he did so.

On the twenty-third day of March, 1907, appellant herein became surety for appellee as guardian of these minors, and entered into its bond as such surety.

On October 5, 1907, appellee filed a petition in the County Court of Vermilion County, setting forth that he then had in his hands, belonging to these minors, a further sum of seven thousand dollars which he desired to invest, and reported to that court that he could purchase for sixteen thousand seven hundred seventy-five and 30/100 dollars, one hundred and sixty-seven and 753/100 acres of land in Section Twenty-five (25), Town twenty-one (21) North, Range Thirteen (13) West the Second P. M. in said county, but that the

land was encumbered by a mortgage of eight thousand dollars. He asked permission to purchase this tract by investing the seven thousand dollars cash, giving his note as guardian for seventeen hundred seventy-five and 30/100 dollars, and assuming the encumbrance of eight thousand dollars. Upon a hearing the County Court granted this petition and entered an order authorizing and directing the guardian to purchase said tract of land, the guardian made this purchase, taking the title in the name of his wards.

On March 27, 1908, appellee filed a new bond as guardian in the County Court of Vermilion County, with L. C. Messner and W. H. Rice as sureties.

Wilmer G. Chapman became of the age of fourteen years on August 9, 1909, Chester H. Chapman became of the age of fourteen on January 17, 1911, and each of them, on becoming of the age of fourteen years, nominated and selected as his guardian, the father, J. F. Chapman, who qualified and assumed his duties as such, and as succeeding guardian ratified this investment of the funds.

On December 5, 1910, the Probate Court of Vermilion County succeeded the County Court on all probate matters.

At the January term, 1909, of the County Court, appellant filed its petition, setting forth the fact of its having been surety on the bond of appellee as such guardian, and the filing of the succeeding bond by other bondsmen, asking for an order requiring appellee to file an account of his acts from the time of his appointment as such guardian to the time of the filing of said petition, and that he be required to restore and replace the funds which had been so invested, and on such being done and then on approval of the report, appellant as surety be discharged from all liability as such surety. The County Court sustained a demurrer to this petition, appellant prosecuted an appeal to the Circuit Court, where a demurrer was again sustained;

it prosecuted an appeal to this court where the judgment of the Circuit Court was reversed and the cause remanded to that court with directions to overrule the demurrer and require the account to be filed as prayed. American Surety Co. v. Sperry, 156 Ill. App. 19. The cause having been remanded to the Circuit Court and by it remanded to the County Court, where appellee filed his account, objections were filed to that account by appellant; the objections filed and urged were that the investment of the wards' funds in real estate was voidable by the minors, that the County Court had no jurisdiction to direct these funds to be so invested. The objections were overruled by the County Court, appellant prosecuted an appeal to the Circuit Court, where the objections were again overruled, and the account of the guardian, showing this investment of the wards' funds, approved, and an order entered discharging appellant from any further liability upon its bond as surety for appellee as such guardian. Appellant prosecutes its appeal from that judgment.

When the cause was first before this court and the judgment of the Circuit Court reversed and the cause remanded to that court, the Circuit Court should have entered its order overruling the demurrer in compliance with the direction of this court, and required appellee to file his report in that court, and should then have proceeded to a final hearing. Where a probate matter is appealed from the County Court or Probate Court to the Circuit Court, the trial is *de novo,* and that court having once obtained jurisdiction by such appeal should retain the cause for a final hearing upon the questions raised by the appeal; it is not proper practice for the Circuit Court to remand a cause to the County Court for a hearing in that court, but a second appeal having been prosecuted to the Circuit Court, and from that court to this, no harm has been done by the irregular practice adopted. Snell, Admr., v. Weldon, Executor, 162 Ill. App. 11.

It is conceded that all parties in this matter acted in good faith, but appellant insists that the judgment of the Circuit Court in approving the account of appellee as guardian and discharging appellant from liability on its bond as surety for such guardian is a judgment which may be avoided by the minors at any time prior to or upon their arriving at lawful age, should the minors at any time desire to disaffirm such investment; that neither the County Court nor the Circuit Court on appeal had power under the laws of this state to authorize or direct the guardian to invest in real estate any funds of the minors which were not derived from the sale of other real estate, and that the acceptance of such investment by the succeeding guardian was not binding upon the minors, and is no protection to appellant as surety on the guardian's bond; and that neither the Probate Court nor the County Court had chancery powers to make an order giving the guardian credit for such investments of the wards' funds in real estate, upon the hearing of objections to that report, that will protect appellant against wrongful investment of the funds by the guardian although made under the direction or order of the County Court.

Appellant, as surety on the guardian's bond, is affected by the judgment of the Circuit Court, and has a right to prosecute this appeal therefrom. It was its duty to see that the guardian complied with the law. Gillett v. Wiley, 126 Ill. 326-27.

The only question raised upon this record is whether or not the investment of these funds by appellee as such guardian were authorized by law. It must be conceded that appellant, as surety upon the guardian's bond, had the right to compel the guardian, through the medium of the County or Probate Court, to make a proper and lawful investment of the wards' money, and if any unlawful or illegal investment was made to compel the guardian to restore the fund.

Section 34, Chapter 64 of Hurd's Revised Statutes,

1909, authorizes the investment of the wards' money in real estate where the proceeds have been derived from the sale of other real estate, and Section 32 requires that the guardian shall invest the funds of his ward which are not derived from the sale of real estate in securities, secured by first mortgage upon real estate, or other securities, bonds, etc., as approved, etc., and requires that the real estate shall be equal to at least twice the value of the amount secured by the mortgage; and the lien of the minor must be a first lien, while here the seven thousand dollars of these wards was invested subject to a prior mortgage of eight thousand dollars.

There is no statute in this state authorizing the County Court or Probate Court to direct or empower the guardian to invest any funds which are not derived from the sale of real estate in other real estate; the County or Probate Court has no chancery jurisdiction or powers to ratify or confirm any such investment by the guardian.

Even though it be conceded that the investment in these lands when made was a profitable investment for the wards, yet any time before the minors arrive at lawful age, if the lands should so depreciate in value that it would be an advantage and benefit to the minors to disaffirm this purchase upon arriving at majority they may do so (Morgan v. Johnson, 68 Ill. 190), and if such circumstances should occur, appellant as surety would be liable for any loss to the wards by reason of such investments.

Appellant is entitled to be protected against such contingency by requiring the guardian to restore the funds, and neither the fact that the present guardian has accepted and ratified such investment by appellee, nor that the County Court has attempted to ratify and confirm such investment can deprive appellant of this right.

Where, however, the minor is the owner of or has

an interest in real estate, the Probate or County Court has power to permit and direct the guardian to use the funds in his hands for the purpose of protecting and guarding the rights of the minor in such real estate, and for this purpose may direct and authorize the use of funds not derived from the sale of real estate, and the fact that the grandfather paid seven thousand dollars for the purchase of the west half of the southwest quarter of said Section twenty-one for the purpose of giving this land to his grandchildren and which left an encumbrance or balance due upon the land, the County Court was authorized to direct the guardian to protect the title of the wards secured by the payment of seven thousand dollars by the grandfather and invest the six hundred fifty-six and 25/100 dollars (Cheney v. Roodhouse, 135 Ill. 257), and the approval of that payment in the report of the guardian was proper.

In the purchase of the other tract the guardian was compelled not only to use funds of his wards which had accumulated in his hands, but he was required to and did assume an indebtedness equal to more than the cash paid on such purchase, and in addition to the assuming of this mortgage of eight thousand dollars, the court authorized him to execute a guardian's note for seventeen hundred seventy-five and 30/100 dollars.

If circumstances should afterwards arise that the guardian was not able to meet this encumbrance, the entire amount of the wards' funds invested in this tract was liable to be lost to them. For the purpose of preventing such conditions, and to guard against loss of the ward's funds by improper investments of the guardian the legislature has provided how funds of the ward may be invested. Section 22, chapter 64, Guardian and Ward, Hurd's Revised Statutes, 1909.

The objections made by the appellant to the approval of the guardian's report were well taken, and it was error for the Circuit Court to overrule such objection; appellant was entitled to an order of that court direct-

ing the guardian to restore the seven thousand dollars which had been wrongfully and unlawfully invested in this tract of land, the trial court should have sustained such objections and ordered that the funds be restored.

A guardian cannot be permitted to profit by the use or investment of his ward's funds, if they are not kept at interest upon such securities as are provided by the state but are improperly invested, and the ward is entitled to any benefit that may be derived by reason of such investment, if any benefit may be derived therefrom. If this tract of land so purchased by the guardian will bring more than the amount invested therein by the guardian, then the wards are entitled to whatever profit or increase there may be, and if not more than the interest computed under the statute then the guardian should be required to account for such interest.

The Circuit Court should have directed the guardian to dispose of these lands and restore the funds and report his acts and doings therein to that court; and when such funds are so restored and turned over to the succeeding guardian, to discharge petitioner from further liability on its bond. The judgment of the Circuit Court is reversed and the cause remanded with directions to the Circuit Court to proceed in accordance with the views herein expressed.

*Reversed and remanded with directions.*