## Nathaniel P. Daughetee, Appellee, v. The Ohio Oil Company, Appellant.

APPEALS AND ERRORS—*res adjudicata.* The opinion and judgment of the Appellate Court on one appeal in a cause is binding upon it and upon the trial court, and questions then determined cannot be reviewed on subsequent appeals in the cause when the record is the same or substantially so.

Appeal from the Circuit Court of Clark county; the HON. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913.

ABRAM SIMMONS and GOLDEN, SCHOLFIELD & SCHOL-
FIELD, for appellant.

FRANK T. O'HAIR and DAVISON & BARTLETT, for ap-
pellee.

MR. JUSTICE PHILBRICK delivered the opinion of the
court.

Appellee brought this action against appellant to re-
cover for damages for failure to comply with the terms
of an oil and gas lease executed by appellee to Hoblit-
zell and Company and assigned by Hoblitzell and Com-
pany to appellant. This is the second appeal to this
court. In the first trial appellee recovered a judgment
against appellant for $5,000 and an appeal was prose-
cuted to this court by appellant, that appeal was heard
and opinion filed. 151 Ill. App. 102. This court in
then determining the questions involved stated the law
applicable thereto, and held that under this lease the
plaintiff was entitled to recover, but held that while
the court instructed the jury as to the correct measure
of damages, that it erred in directing the jury as to
the time when the right to damages accrued; by the
instruction given the court informed the jury that the
damages began to accrue to the plaintiff on the date
of the assignment of the lease from Hoblitzell and
Company to appellant; this court held that damages
did not begin to accrue until the laying of the pipe
line, according to the terms of the lease, and by reason
of that error the judgment was reversed.

The cause was reinstated in the trial court and a
second trial had; the second trial was had before the
court without a jury, by agreement, and judgment ren-
dered against appellant for $2,828, and costs, from
which it prosecutes this second appeal.

The record as it is now before the court is in sub-
stantially the same condition, so far as the evidence
is concerned, as on the former appeal, the only differ-

ence being the addition of some expert testimony by appellant relative to the value of this oil land and conditions relating thereto.  Counsel have attempted to reargue the entire case, involving the questions presented to this court on the former hearing.  The former opinion and judgment of this court is binding, not only upon the trial court but upon this court, and we cannot review the questions then determined even though we should be inclined to do so.  The former opinion elaborately set forth all of the facts and the law governing this case and it is unnecessary to repeat them, and this court is now bound thereby.  *Conner v. Conner,* 163 Ill. App. 439.

Appellant attempts to assign as error in this court the action of the trial court in refusing to hold its 3rd, 8th, 16th, 17th, 19th, 21st and 22nd propositions of law submitted to it.  The former opinion of this court finally determined all the questions in these propositions, and the court could not do otherwise than refuse them. It committed no error in so doing.

The questions of law presented to the trial court on the second hearing involved only the law as was determined by this court upon the former appeal and all questions determined by the former appeal are now *res adjudicata.*  The trial court followed the rule laid down by this court in the former opinion as it was bound to do, and the questions so determined are not now subject to review in this court.

The judgment will, therefore, be affirmed.

*Affirmed.*