## Wilmer G. Chapman and Chester H. Chapman by J. F. Chapman, Guardian, Appellees, v. American Surety Company of New York et al., Appellants.

1. INJUNCTIONS—*judicial proceedings.* Where the appellate court remands a cause with directions, and no appeal is taken, the court to which it is remanded must obey the directions given and a court of chancery has no power or authority to restrain such court from proceeding in accordance therewith.

2. APPEALS AND ERRORS—*injunction after remand.* Where the appellate court determines the questions involved in an appeal and remands the cause with directions, such questions cannot be re-litigated by a bill in chancery to restrain the court, to which the cause is remanded, from proceeding in accordance with such directions.

Appeal from the Circuit Court from Vermilion county; the HON. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded with directions. Opinion filed April 18, 1913. Rehearing denied May 7, 1913.

R. R. GILKEY, O. M. JONES and W. J. BOOKWALTER, for appellants.

ACTON & ACTON, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

The subject-matter involved in this controversy has been before this court on three different occasions, each time the judgment of the lower court has been reversed and the cause remanded. Upon its last appearance in this court, this court made a finding of all matters involved in the controversy, the opinion was filed March 15, 1912 [171 Ill. App. 56], and the cause remanded to the circuit court of Vermilion county with directions to proceed in accordance with the judgment of this court.

Counsel for appellees thereafter filed a bill in chancery in the circuit court of Vermilion county, praying an injunction restraining the Vermilion circuit court from carrying out the directions and mandate of this court, and the learned judge who presided over the Vermilion circuit court, upon hearing on that bill, entered a decree restraining the court over which he presided from proceeding in accordance with the mandate of this court. From that decree this appeal is prosecuted.

The action out of which this controversy arose was originally begun in the county court of Vermilion county. It was a statutory proceeding originating under the statute relating to "Guardians," and appellants permitted that proceeding to continue until a final decree was directed by this court.

If appellants' defense was inadequate under the statutory proceeding and it was necessary to resort to a court of chancery, they should have done so before permitting a final order and decree to have been rendered by this court. After this court finally deter-

mined the questions involved and remanded the cause to the circuit court to carry out the directions and mandate of this court, that decree and judgment determined the rights of the parties and directed what decree should be entered in the circuit court; it was final and was not appealed from, the court to which it was remanded must obey the directions given it.

Appellants will not be permitted to relitigate those questions by a bill in chancery. While it may be that a court of chancery, had its aid been invoked in time, might have granted the relief sought by this bill, upon which question we decline to enter into any discussion, for the reason that any matter now before us is *res adjudicata* by reason of the final judgment rendered in this court. *Conner v. Conner,* 163 Ill. App. 439.

The learned chancellor who entered this decree had no power or authority to review or overrule or restrain by its writ of injunction the mandate of this court. The decree entered by him will be reversed and the cause remanded with directions to dismiss this bill for want of equity, at the costs of appellants.

*Decree reversed and cause remanded with directions.*