In re Estate of William G. Blyman, Deceased.
(Shelby Loan and Trust Company, Executor, Appellee,
v. D. A. Milligan, Appellant.)

**Gen. No. 9,253.**

Opinion filed February 25, 1941.

J. L. McLaughlin, of Sullivan, and U. G. Ward and R. I. Pugh, both of Shelbyville, for appellant.

Philip L. Turner, John J. Baker and Geo. B. Rhoads, all of Shelbyville, for appellee.

Mr. Presiding Justice Fulton delivered the opinion of the court.

William G. Blyman, a resident of Shelby county, Illinois, became deceased on the 8th day of April, 1937. At the time of his death the decedent left two instruments each of which purported to be his last will and testament. One will was dated February 5, 1937, and named the Shelby Loan & Trust Company, executor thereof. A petition to probate said will was filed in the county court of Shelby county and hearing on the same set for May 17, 1937. On the day of the hearing D. A. Milligan filed the other purported will of the deceased, together with a petition to probate it. This will was dated March 13, 1937, and named D. A. Milligan as executor. On subsequent hearings the county court admitted the Shelby Loan & Trust Company will to probate and denied the petition to probate the Milligan will. Milligan appealed from the judgment of the county court on each of said petitions to the circuit court where both appeals were heard. The circuit court reversed both judgments of the county court and directed that court to admit the Milligan will to probate and to deny the petition to probate the Shelby Loan and Trust Company will.

The mandate of the circuit court in both appeals was filed in the county court, and on the 27th day of December, 1937, that court entered orders in compliance with such mandate allowing probate of the Milligan will, refusing probate of the Trust Company will. Milligan immediately qualified as executor by filing oath and bond and letters testamentary were issued to him as such executor.

The Shelby Loan & Trust Company then filed its complaint in the circuit court of Shelby county to contest the will dated March 13, 1937, designated as the Milligan will, making all parties having any possible interest either plaintiffs or defendants therein. This case was tried in the circuit court, and the so-called Milligan will was set aside by a verdict of the jury finding that the said will was not the last will and testament of William G. Blyman, deceased. Judgment was entered upon the verdict of the jury, and an appeal taken to the Supreme Court of the State of Illinois from such judgment, where on hearing the decree and order of the circuit court was affirmed. The mandate of the Supreme Court was filed in the circuit court, and on December 21, 1939, that mandate and a certified copy of the order of affirmance of the Supreme Court was filed with the clerk of the county court of Shelby county.

On the same day the Shelby Loan & Trust Company filed a petition in the county court setting forth a history of the case much as it appears in this opinion and praying for an order setting aside all previous orders admitting the Milligan will to probate or denying the probate of the will of February 5, 1937. It also asked that the court enter an order confirming and enforcing the order probating the Trust Company will and appointing the petitioner executor.

The petition further prayed for an order directing Milligan to forthwith turn over to petitioner, as executor of the will of William G. Blyman, deceased, all property and effects of said estate in his hands, and requiring him to file and render an account of his acts and doings as executor under the will of March 13, 1937, which had been set aside and held not to be the last will and testament of the decedent.

On December 28, 1939, after a hearing on said petition the county court entered an order setting aside

and vacating all previous orders concerning the probate of the will of March 13, 1937, and confirmed its prior orders and findings relating to the probate of the will of February 5, 1937, and the appointment of the Trust Company as executor thereunder.

The order further provided that the appointment of D. A. Milligan as Executor under the will of March 13, 1937 be vacated; that the said D. A. Milligan be directed to forthwith pay and deliver to the Shelby Loan & Trust Company, as executor, all of the assets of every kind belonging to said estate and in his hands, and that he be required to file a report of his acts and doings in said estate on or before January 6, 1940.

D. A. Milligan took an appeal from this order of the county court to the circuit court. Whereupon the Shelby Loan & Trust Company, who in the meanwhile had qualified as executor of the will under date of February 5, 1937, filed its motion in said circuit court to dismiss said appeal, setting forth the following grounds in support of said motion:

1. This appeal is prematurely taken.

2. The said David A. Milligan is acting as so-called executor of the estate of William G. Blyman, deceased, and acting for himself and has no interest in the matter which is appealable.

3. In this proceeding the matter appealed from is not a matter which may be brought before this court upon an appeal from the county court of Shelby county, Illinois, in probate.

Upon the hearing of said motion to dismiss in the circuit court, the motion was allowed and the appeal dismissed. It is from this order of the circuit court of 'Shelby county, that the appeal comes to this court.

It is the contention of the appellee that all matters with reference to the two wills have been litigated and settled by the decree of the circuit court, and the affirmance of such judgment and decree by the Supreme

Court of Illinois; that because the will dated March 13, 1937, has been judicially determined not to be the last will and testament of William G. Blyman, deceased, that D. A. Milligan has no possible interest upon which he can base an appeal. Also that an order of the county court requiring an executor to account is not an appealable order. Conceding much that appellee has said about all matters in litigation over the two wills having been finally and completely determined, there is one feature of the order which is erroneous. As a part of said order it recites: "And the said D. A. Milligan's appointment as executor in this estate under said will of March 13, 1937 is hereby vacated and set aside and his position in said office is terminated; and he is directed to forthwith pay and deliver to the said Shelby Loan & Trust Company as executor, all the assets of said estate now in his hands, including monies, papers, deeds, records and accounts forthwith."

We believe the court went too far in ordering the assets of said estate turned over to the new executor forthwith. In the case of *Smith v. Smith,* 168 Ill. 488, the court discusses the status of an executor after probate notwithstanding the subsequent setting aside of the probate. On page 496 of that opinion it states: "The general rule seems to be, that the acts of an executor after probate are valid, notwithstanding the subsequent setting aside of the probate. Sales made by the executor, or payments made to him, will be sustained, although the probate is afterwards set aside. . . . This being so, there is no reason why, if such sales and payments have been proper and right, the acting executor should not receive such compensation as the statute allows, even though his letters testamentary are subsequently revoked by the setting aside of the will. The probate of the will in the county court is *prima facie* valid until it is set aside. . . . If the grant of letters testamentary is to be looked upon as an absolutely void act upon a subsequent setting

aside of the will by a judicial proceeding, then all the acts of an executor done between such grant and its revocation might be regarded as void; and in such case the executor would not be entitled to his compensation. But the better doctrine seems to be that the grant is not void, but only voidable."

After quoting from and discussing cases where letters of administration have been granted in ignorance of the fact that there was a will, and afterwards upon discovery of the will, it was probated and recorded, and letters of administration were revoked, and letters with will annexed were granted to another person, that in such case the grant of the first letters was not void but voidable, the court further says: "There is no reason why the same principle, which thus applies to a case where letters of administration are revoked upon subsequent admission of a will to probate, should not also apply to a case where an executor has acted in good faith under a will which is afterwards set aside."

The procedure in such cases was definitely outlined in the case of *Snell v. Weldon,* 162 Ill. App. 11, where the court said: "The county court erroneously required appellee to turn over all the property in his possession as executor to appellant as administrator without giving appellee an opportunity to state his account as such executor, and the finding of the circuit court that the county court erred in that particular was right." The court further said: "The order of the county court operated as a final judgment against appellee and an appeal therefrom was properly taken to the circuit court."

Again in *Snell v. Weldon,* 162 Ill. App. 11, 14, it was stated: "Appellee was entitled to file a report of his acts and doings as executor, and to have his account as executor passed upon and adjudicated, before being required to turn over the property in his possession as executor to appellant as administrator. . . ."

Believing the county court wrongfully ordered Milligan to turn over the assets of the Blyman estate forthwith, before giving him a chance to have his accounts passed upon, we are of the opinion that the circuit court should have retained jurisdiction to try the case on appeal *de novo* and that it was error to grant appellee's motion to dismiss appeal. This case is therefore reversed and remanded to the circuit court for further trial.

*Reversed and remanded.*