(No. 27066.—

IN RE ESTATE OF WILLIAM G. BLYMAN—(SHELBY LOAN & TRUST COMPANY, Exr., Appellee, *vs.* FRANK BLYMAN *et al.*, Appellants.)

*Opinion filed March 18, 1943.*

ARTHUR YOCKEY, and U. G. WARD, for appellants.

PHILIP L. TURNER, and JOHN J. BAKER, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The present appeal is a sequel to *Shelby Loan and Trust Co.* v. *Milligan,* 372 Ill. 397, and a complement to *Blyman* v. *Shelby Loan and Trust Co. ante,* p. 415, decided this day. Frank Blyman and four others, claiming to be first cousins of William G. Blyman, deceased, challenge an order of the circuit court of Shelby county entered on October 10, 1942. Determination of its correctness requires a review of relevant facts and prior proceedings.

William G. Blyman, a resident of Shelby county, died April 8, 1937. An instrument, dated February 5, 1937, purporting to be his last will and testament, named the Shelby Loan and Trust Company executor. May 17, 1937, the day set for hearing on the petition to probate this will, a second instrument, dated March 13, 1937, was filed for probate. The March will named D. A. Milligan executor. July 10, 1937, the county court admitted the February will to probate, appointed the Shelby Loan and Trust Company its executor, and denied probate of the March will. Milligan appealed from the order of the county court on each of the petitions to the circuit court. Both orders of the county court were reversed, and it was directed to admit the March will to probate and to deny the petition to probate the February will. Thereafter, in obedience to the mandate of the circuit court, on December 27, 1937, the county court entered orders admitting the March will to

probate and denying probate of the February will and appointment of the Shelby Loan and Trust Company as executor. Pursuant to an order of the county court of December 30, 1937, appointing him executor, Milligan qualified and letters testamentary were issued to him. In due course, the Shelby Loan and Trust Company filed its complaint in the circuit court of Shelby county to contest the March will on the ground of fraud and forgery in its execution. A jury returned a verdict finding that the March will was not the decedent's will, and a decree was entered adjudging that it was not, in fact, William G. Blyman's last will, "and the said instrument and the probate thereof in the County Court of Shelby county, Illinois, are set aside and the same are hereby declared and decreed to be null and void." Upon appeal, this court affirmed the decree of the circuit court. *Shelby Loan and Trust Co.* v. *Milligan, supra.*

The mandate of this court was filed in the circuit court and on December 21, 1939, the mandate and a certified copy of the decree of affirmance were filed with the clerk of the county court. The same day, December 21, 1939, the Shelby Loan and Trust Company, by a petition filed in the county court, narrating the facts previously recounted, sought an order confirming and enforcing the orders admitting the will of February 5, 1937, to probate and the appointment of the bank, as executor. Additional relief asked was for an order directing Milligan to forthwith turn over to the bank, as executor, all property and effects of the estate remaining in his hands, and requiring him to file a report of his accounts as executor under the will of March 13, 1937, and render an accounting of the estate. December 28, 1939, the county court entered an order vacating all prior orders with respect to the probate of the will of March 13, 1937, and restored to effect its former orders admitting the will of February 5, 1937, to probate and the appointment of the bank, as executor of

this will. The order of December 28, 1939, directed Milligan, the ousted executor, to forthwith pay and deliver to the bank, as executor, all the assets of the estate in his hands and to file a final report as executor on or before January 6, 1940. Letters testamentary were issued to the bank December 28, 1939. Milligan appealed from the order of December 28, 1939. Upon motion of the bank, the circuit court, on April 17, 1940, dismissed Milligan's appeal. He prosecuted a further appeal to the Appellate Court for the Third District. In its opinion filed February 25, 1941, the Appellate Court took the view that the county court went too far in ordering the assets of the estate turned over to the new executor forthwith before affording Milligan an opportunity to have his accounts passed upon. Accordingly, the order of the circuit court dismissing Milligan's appeal from the order of the county court of December 28, 1939, was reversed and the cause remanded to the circuit court for a trial *de novo*. (*In re Estate of Blyman*, 309 Ill. App. 30.) Upon remandment, the cause was redocketed and the bank filed its motion to require Milligan to make a report as executor.

June 13, 1941, Frank "Bleyman," who apparently is the same as Frank Blyman, and Barbara Kinsella filed a motion for leave to intervene, alleging that they were first cousins of William G. Blyman, deceased, his next of kin and heirs-at-law, and that, if permitted to intervene, would, within ten days, file their intervening petition. So far as the record discloses, this motion was never acted upon by the circuit court and no intervening petition was tendered. June 14, 1941, Milligan was ordered to file his final report by July 1, 1941. Objections were interposed to his report of July 1, 1941, and he was granted permission to file an amended report by April 20, 1942. The bank filed objections to the amended report on July 27, 1942, and, on August 29, 1942, the report was ordered recast and receipts procured. September 10, 1942, Frank Blyman, Barbara

Kinsella, Josephine Gottwerth, Gertrude Phipps and Isadore Surges filed their motion to intervene as defendants, charging that they were the sole heirs-at-law of William G. Blyman, deceased. We observe, in this connection, that no facts were alleged supporting the statement of this legal conclusion. The permission sought was granted and an intervening petition was filed. Intervenors charged that they never received any notice pertaining to probate proceedings in either the county or circuit court of Shelby county; that no notice was given them by the court, or the bank, concerning the filing of, or hearing in reference to, the petition of December 21, 1939; that the only notice given anyone was a one-day notice to Milligan and his attorneys; that the county court lacked jurisdiction of the person, so far as they were concerned, and the subject matter of the original petition to set aside former orders of the county court or to revive other orders of the county court subsequently set aside by the county court under the mandate of the circuit court. They asked that their legal and equitable interests in the estate be protected by the order of the court. Intervenors filed a motion to consolidate this cause with a partition action instituted by them in the circuit court on January 21, 1942. Their motion to consolidate was denied. The partition action appears in this court as *Blyman* v. *Shelby Loan and Trust Co. supra.* September 26, 1942, Milligan filed his amended final report showing receipts of $42,718.23 and disbursements of $17,738.26, leaving a balance on hand of $24,079.97, together with various notes, mortgages and other papers. October 3, 1942, intervenors filed their objections to this report. They did not object to the account, as stated, but restricted their objection to the entry of any order or decree directing Milligan to turn over the remaining assets of the estate to the bank as executor. October 10, 1942, the bank answered the intervening petition, denying that intervenors were the surviving heirs-at-law of Frank G.

Blyman deceased and averring that the will of February 5, 1937, had been duly proved and admitted to probate by the county court; that this will was in full force and effect; that letters testamentary had been issued to it, and that it was entitled to all the assets of the estate.

The cause came on for hearing and, on the day last named, October 10, 1942, the objection of the intervenors was overruled and Milligan's amended final report approved. The circuit court, by its order, vacated and set aside the previous orders of the county court admitting the will of March 13, 1937, to probate and appointing Milligan executor, and confirmed and restored to full force and effect the previous orders of the county court admitting to probate the will of February 5, 1937, and appointing the Shelby Loan and Trust Company, as executor. It was further decreed that the letters testamentary issued to the bank were the valid letters testamentary for the administration of the estate and they were declared to be in full force and effect. Milligan's appointment as executor of the will of March 13, 1937, was vacated and set aside and his authority to act as executor forthwith terminated. This appeal by intervenors followed. Milligan has not joined in the appeal.

To obtain a reversal of the order of October 10, 1942, the intervenors make numerous contentions. Of these, the contention that the circuit court should have consolidated this cause with the partition action has been decided adversely to them in *Blyman* v. *Shelby Loan and Trust Co. supra.*

The principal contention urged in support of a reversal is that the circuit court was without authority to restore the orders of the county court admitting the will of February 5, 1937, to probate and appointing the Shelby Loan and Trust Company as executor, and, on the other hand, in setting aside the orders of the county court admitting to probate the March 13, 1937, will and appointing Milligan

executor. Intervenors first appear in this protracted litigation on September 10, 1942. It is true that on June 13, 1941, two of them filed a motion for leave to intervene but, for reasons best known to them, did not elect to pursue the matter until Milligan's amended final report came on for disposition. Being intervenors, they must take the record as they found it on September 10, 1942. They are bound by the record of the cause at the time of their intervention, they may neither change the issues between the parties nor raise new questions, and they may not insist upon a change in the form of procedure nor delay the trial. (*Groves* v. *Farmers State Bank,* 368 Ill. 35; *Hairgrove* v. *City of Jacksonville,* 366 id. 163; *Wightman* v. *Evanston Yaryan Co.* 217 id. 371.) On the day of their intervention, the will of February 5, 1937, had been admitted to probate by the county court. Incident to its admission to probate, the law required that all beneficiaries named in the will and, also, the unknown heirs-at-law of the decedent be notified. These and other procedural requisites were satisfied. Probate of the will of March 13, 1937, was denied by the county court in the first instance. The proceedings with respect to the subsequent admission of this later will to probate and setting aside of the order admitting the February will to probate, the will contest, the ensuing proceedings in the county, circuit and Appellate courts, and on the Appellate Court's remandment of the cause to the circuit court have been described. It thus appears the only issue remaining in the cause when intervenors projected themselves into the proceeding was the matter of Milligan's final report, as executor under a will declared void by the circuit court and this court, and the surrender to the Shelby Loan and Trust Company, as executor of the will of February 5, 1937, of the assets of the estate. The propriety of the accounting was not assailed, the only objection levelled against the report being opposition to the entry of

an order directing the transfer of the assets of the estate by Milligan to the bank, as executor.

Intervenors' contention that the circuit court lacked jurisdiction to enter the order of October 10, 1942, is predicated upon the proposition that the earlier orders of the county court setting aside the probate of the will of February 5, 1937, and the appointment of the bank as executor were final appealable orders, and, since no appeal was prosecuted, have long since become final and immune to attack. The sole reason that probate of the will of February 5, 1937, was denied by the circuit court was the production of the spurious will of March 13, 1937. Upon the presentation of the latter will, the circuit court was without discretion to proceed differently. The second will was, in due course, determined to be fraudulent. An order of the probate court (county court of Shelby county) allowing or disallowing probate of a will is final and conclusive unless reversed on appeal, (*In re Will of Storey,* 120 Ill. 244,) but where probate is denied because of the existence of a later will the order is not conclusive if the later will is set aside. (*Adams* v. *First M. E. Church,* 251 Ill. 268.) As this court stated in the case cited: "Probate of the first will was denied because there was a later will revoking all former wills, and until the later will should be set aside it would have been useless to appeal." The order of the circuit court denying probate of the will of February 5, 1937, was not conclusive and a final judgment since, by a contest of the will of March 13, 1937, the later will was found to be a forgery.

We are of the opinion that compliance with the decree of the circuit court in the will contest case and the mandate of this court upon appeal from the decree required that the orders relating to the March 13, 1937, will be vacated and the orders originally entered with respect to the February 5, 1937, will reinstated. The order of October 10,

1942, for all practical purposes, merely declares the results flowing from setting aside the forged will. *Conzet* v. *Hibben,* 272 Ill. 508; *Sinnet* v. *Bowman,* 151 id. 146; *Moyer* v. *Swygart,* 125 id. 262.

Reliance upon the rule that judgments cannot be set aside after the term of court has expired cannot avail intervenors. The county court exercises special and statutory jurisdiction in probate matters. It is established that a probate court, and, it follows, a county court when acting as a court of probate, exercises equitable powers. (*Walker* v. *Cook,* 294 Ill. 294.) Again, the rule by which a court loses jurisdiction of a cause after the close of the term at which final judgment is entered applies to causes of action which terminate in the judgment, but the jurisdiction of the county court over an estate is a continuing one, which remains until the estate is closed. *Hodson* v. *Hodson,* 277 Ill. 137.

William G. Blyman has been dead nearly six years. It is high time that litigation over the administration of his last will and testament terminate and that the estate be closed. The ends of justice have been satisfied, and the litigation should now terminate. This is the *terminus.*

The order of the circuit court is affirmed.

*Order affirmed.*