## NICHOLAS L. HANSEN
## v.
## EDWARD C. HALE.

*Negotiable Instruments—Notes—Practice Act, Sections 34 and 35—Practice—Placing of Case on Short Cause Calendar—Notice.*

1. It not appearing when a given cause made its first appearance on a short cause calendar, the fact being that it was reached and called for trial more than a month after the date and service of notice, in the absence of anything to the contrary in the record, the presumption is, that the clerk did not put the cause on the calendar until after the lapse of ten days from the date of service of the notice.

2. The fact being that the statute imposes upon the clerk the duty of placing causes on the calendar after the proper length of notice has been given, any violation of the statute by him must be shown, to be availing.

3. The fact that a cause was not reached for trial on the first day

that it appeared on the calendar, does not invalidate the notice, the statute providing that it shall be a continuous calendar.

4. A note being specially counted on, an unverified plea of nonassumpsit does not put its execution in issue.

5. The filing of an affidavit of merits with such plea in the case presented, did not dispense with the necessity by defendant of verifying his plea as provided by Section 34 of the Practice Act, if he wanted to deny the execution of the note.

6. The bill of exceptions in such case being barren of any objection to the reading of the note in question in evidence, either with or without proof of its execution, no objection can be raised herein.

[Opinion filed June 3, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. H. C. BENNETT & W. A. PHELPS, for appellant.

Mr. C. S. HARMON, for appellee.

SHEPARD, J.   Appellant was sued as maker of a promissory note.  The declaration consisted of a special count on the note and the common counts, with the usual plaintiff's affidavit appended that the demand was for money due on said note, and of the amount thereof.  The only plea filed was one of the general issue, and therewith was filed. an affidavit by the appellant that he had a good defense to the whole of appellee's demand upon the merits.

The first contention of appellant is, that the notice to place the cause on the short cause calendar was not sufficient.  The statute provides that upon the plaintiff, etc., making the requisite affidavit, " and upon ten days' previous notice to the defendant, his agent or attorney, said suit shall be placed by the clerk upon said short cause calendar."

The body of the notice was as follows:  " Take notice that on the 9th day of December, A. D. 1891, an affidavit, of which the foregoing is a copy, was duly filed in said suit, and that the clerk of said court will place said suit on the short cause calendar for trial as by statute provided.  Dated Chicago, December 9, 1891."

It does not appear when the cause made its first appearance on the short cause calendar, but it was reached and called for trial more than thirty days after the date and service of the notice. In the absence of anything to the contrary in the record, we are entitled to presume that the clerk did not put the cause on the calendar until after the lapse of ten days from the date of service of the notice. The statute imposes upon the clerk the duty of placing causes on the calendar afer the proper length of notice has been given, and if he violated the statute, it should have been made to appear wherein such violation consisted. That the cause was not reached for trial on the first day that it appeared on the calendar, does not invalidate the notice. The statute expressly provides that it shall be a continuous calendar.

We fail to comprehend the position taken by counsel in his argument that there was in this case not even one day's previous notice given. The record shows that the notice was served and filed on the day of its date, viz., December 9, 1891, and that the cause was reached and heard on January 11, 1892. As already stated, there is nothing in the record to show but that the cause was put on the first calendar following the lapse of ten days from the date of giving the notice, and presumptively it was so placed and remained there until the day of trial.

It might have been more convenient to the appellant if the notice had stated the particular judge's calendar on which the cause would be placed, but we hardly think it is within the contemplation of the statute to relieve counsel for the defense from the diligence required of him in relation to the more time-honored calendars, or the court and clerk from the control of the making up of calendars; and that appellant was not injured on that account, is shown by the fact of his presence by counsel when the case was reached and tried. We think the requirements of the statute were fairly complied with by the notice as given.

On the other question, that there was no evidence that appellant executed the note sued on, counsel has misappre-

hended the effect of the plea interposed. The note was specially counted on, and the unverified plea of non-assumpsit did not put its execution in issue. Vance v. Funk, 2 Scam. 263; Supreme Lodge v. Zuhlke, 30 Ill. App. 98.

The affidavit of merits that was filed with the plea contained nothing as to the truth of the plea, and had only the effect of staying the right of appellee to take judgment by default as provided by Sec. 37 (2 Starr & C. Ill. Stats.) of the Practice Act. It did not dispense with the necessity by appellant of verifying his plea as provided by Sec. 34 of the same act, if he wanted to deny the execution of the note.

Furthermore, the bill of exceptions is barren of any objection to the reading of the note in evidence, either with or without proof of its execution, and it is now too late. Wilson v. King, 83 Ill. 232.

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*