## William S. Reed v. Frank C. Fleming and Ashley R. Cadwallader, Partners under the Firm Name of Fleming, Cadwallader & Co.

1. PLEADING—*Requisites of Verification of Defendant's Plea.*—It is necessary that the affidavit verifying the defendant's plea should deny the executions of the instruments sued upon, or should state that the plea of non-assumpsit is true in order to cast upon the plaintiff the burden of proof of the execution of the instruments sued upon.

2. SAME—*Affidavit of Good Defense on the Merits.*—An affidavit that the defendant has a good defense on the merits is not an affidavit that the plea of non-assumpsit is true.

3. CORPORATIONS—*Seal Does Not Prove Itself.*—The seal of a private corporation does not prove itself, but its authenticity must be established by evidence.

4. SAME—*When Note is That of Agent and Not of Principal.*—The words " Prest. Mt. Carmel Lgt. & Water Co.," following the signature of an officer of a corporation, are simply descriptive of the person, and the note is his individual note unless it is shown by the evidence that he acted for the corporation.

5. PROMISSORY NOTES—*Agreement for Payment in Property.*—Where the provision of a promissory note is that at the date of the maturity of the note it may be paid by first mortgage bonds of the corporation at their par value, and no tender is made at or before maturity, it becomes payable in money, and the right to pay in bonds is forfeited.

Assumpsit.—Error to the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

FRANCIS M. LOWES, attorney for plaintiff in error; GEO. N. B. LOWES, of counsel.

CHARLES E. WOODWARD, attorney for defendants in error; LINCOLN & STEAD, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an action of assumpsit upon the common counts only. A plea of the general issue was filed. Subsequently the plaintiff filed a copy of two instruments, together with a notice that the instruments were the only cause of action upon which the suit was brought, and that they would be

Reed v. Fleming.

offered in evidence under each count of the declaration. The defendant made a motion to strike the notice and copy of the instruments from the files. It was overruled by the court. The defendant filed an affidavit which states that he is the defendant in the above entitled cause and that he verily believes that he has a good defense to this suit, upon the merits, to the whole of the plaintiff's demand. Affiant further states that he signed the notes, of which notice has been filed, merely as the president of the Mount Carmel Light and Water Company (a corporation organized and existing under and by virtue of the laws of the State of Illinois); that he personally never received any portion of the $5,000 in the said notes mentioned, nor has the Mount Carmel Light and Water Company ever received the said money nor any portion thereof. Affiant further states that he did not sign said note in his individual capacity, nor either of them.

The instruments sued on were as follows:

"CHICAGO, May 6th, 1893.
$2,500.00.    On or before July 15th, after date, we promise to pay to the order of Fleming, Cadwallader & Co., as per agreement on reverse side, twenty-five hundred & no-100 dollars, at Central State Bank, West Lebanon, Inda.
Value received, with interest at six per cent per annum.
(Signed)    WILLIAM S. REED,
Prest. Mt. Carmel Lgt. & Water Co.
No. 4131.    Due July 15."
(Seal as follows:)    "The Mt. Carmel Light & Water Company, Mt. Carmel, Illinois.    Seal."

(Upon the back appears the following:)

"May 6th, 1893. It is agreed and understood between the parties to this contract that this note is to be paid in 1st mortg. bonds of the par value of the Mt. Carmel Light & Water Company, Mt. Carmel, Ill., as soon as the bonds can be issued in the regular and legal way, without reference to the date of the note."

"$2,500.00.                        CHICAGO, May 6th, 1893.
On or before July 15th, 1893, after date ——— promise to pay to the order of Fleming, Cadwallader & Co., as per agreement on reverse side, twenty-five hundred and no–100 dollars, at Central State Bank, West Lebanon, Inda.

Value received, with interest at six per cent per annum.
                    (Signed)    William S. Reed,
                    Prest. Mt. Carmel Lgt. & Water Co."
(Seal as follows :)    " The Mt. Carmel Light & Water
Company, Mt. Carmel, Illinois.    Seal."

(Indorsed upon the back as follows :)

" It is agreed and understood between the parties to this
contract that this note is to be paid in 1st mortg. bonds at
par value of the Mt. Carmel Light & Water Co., Mt. Car-
mel, Ill., as soon as the bonds can be issued in the regular
way and legally, without reference to the date of the note."

The parties waived a trial by jury.    The court found the
issues for the plaintiff, assessing the damages at $7,312, and
rendered judgment for that amount.    The defendant brings
the case to this court by writ of error.

It is urged that the court erred in refusing to strike from
the files the notice and copy of the instruments sued on.
It is true they were filed without first having obtained the
leave of the court.    They were, however, for the benefit of
the defendant, and gave him precise notice of what would
be proven under the common counts.    They did not enlarge,
but on the contrary, restricted the plaintiff's rights under
the declaration filed.

Plaintiff had the right to file the notice and copy of the
instruments with his declaration, and if leave had been
asked to file them subsequently, it would have been granted
as a matter of course.    We consider the overruling of the
motion to strike them from the files as a practical consent
by the court that they might be filed.    The defendant filed
such an affidavit of his defense as he saw fit.    We fail to
see how he was deprived of any right or advantage by the
failure of the plaintiff to first obtain permission to file the
instruments, or by the action of the court in denying the
motion to strike them from the files.    Moreover, in a strict
technical sense this question is not before us for review.
The bill of exceptions contains no exception to the action
of the court complained of.    The only exception is one
noted by the clerk in writing his record, which does not
preserve the question, in a proper manner, for our consider-

Reed v. Fleming.

ation.  The exception should have been preserved in the bill of exceptions.

It is also urged as a ground for reversal that there was no proof of the execution of the instruments sued on.  It is contended that the verification of the defendant's plea cast upon the plaintiff the burden of making such proof. If the affidavit met the legal requirements the contention would be well founded.  It was necessary that the affidavit should deny the execution of the instruments sued on, or should state that the plea of non-assumpsit was true, to have the effect claimed.  (Vance v. Funk, 2 Scammon, 263; Stevenson v. Farnsworth, 2 Gilm. 715; Templeton v. Hayward, 65 Ill. 178; Bailey v. The Valley National Bank, 127 Ill. 332.)  It does neither.  An affidavit that a defendant has a good defense on the merits is not an affidavit that the plea of non-assumpsit is true.  (Hansen v. Hale, 44 Ill. App. 474.)  The affidavit expressly stated that the affiant signed the instruments; avers that such signing was not in his individual but in his official capacity.  The affidavit does not deny, but on the contrary tacitly admits, that the copies filed are correct transcripts of the instruments as executed.  The only effect of this affidavit, therefore, was to cause the court to determine whether the instruments were *prima facie* the obligations of the affiant.  This question was correctly determined by the trial court in holding that *prima facie* they were the notes of William S. Reed, and that the affidavit was insufficient to place the plaintiff upon proof of their execution.  The allegations of the affidavit with reference to a total want of consideration had no material bearing upon the question of the execution of the notes.  All such allegations were immaterial upon the question now under consideration, and so far as that issue is concerned must be treated as surplusage.  The plaintiff not having filed an affidavit of merit under the statute, it was wholly unnecessary for the defendant to file an affidavit of failure of consideration to enable him to interpose such a defense under a proper unverified plea. Moreover the allegations of the affidavit are insufficient to

raise a presumption of want of consideration. It was not necessary that he or the corporation of which he claims to be president should have received the $5,000 mentioned in the notes, or any portion thereof, to constitute a valuable consideration therefor.

It is also urged as a ground for reversal of the judgment of the court below that the court erred in not permitting the defendant to restore an alleged lost plea of total failure of consideration. It appears that the judgment in this case was rendered at the April term, 1901, and the application for leave to restore the files referred to was not made until the June term of that year. Furthermore it does not appear from the record that any such plea was ever filed. The motion for leave to restore was not supported by affidavit or proof of any kind whatever. Nor does it appear that upon the trial was any evidence offered or sought to be introduced under such a plea. The court properly denied the motion.

But the principal reason urged for a reversal of the judgment is that the instruments in question are the notes of the Mt. Carmel Light & Water Company and not the notes of William S. Reed. There is nothing in the body of the notes to indicate that they are the obligations of the corporation. Certain documentary evidence was introduced by the defendant to show that there existed such a corporation as the Mt. Carmel Light & Water Company, and that William S. Reed was its president. For the purpose of showing the existence of the corporation various documents were introduced showing compliance with the statute relating to the organization of such corporations, down to and including the issuance by the secretary of state of the certificate of complete organization on the 8th day of February, 1893. The statute provides that upon the foregoing steps being taken the secretary of state shall thereupon issue a certificate of the complete organization of the corporation * * * and the same shall be recorded in a book for that purpose in the office of the recorder of deeds of the county where the principal office of such corporation

is located, and that upon such recording the corporation shall be deemed fully organized and may proceed to business. The statute further provides that unless such company shall be organized and shall proceed to do business as required by the statute, within two years after the date of its license to organize, such license shall be deemed revoked and all proceedings thereunder held void. The record in this case shows that the principal office of the company is located at Chicago, in the county of Cook, but fails to show a compliance with the statute requiring the recording to be made in that county.

But assuming a complete compliance with the statute with reference to the organization of the corporation, we hold that the instruments sued on are the notes of the defendant, William S. Reed, and not of the Mt. Carmel Light & Water Company. The contracts sued on are in writing, and they must be construed according to their legal effect.

The seal of a private corporation does not prove itself, but its authenticity must be established by evidence. The secretary of a corporation is *prima facie* the custodian of the seal and entitled to its use when authorized. There is nothing in this record tending to show that the seal was attached to these notes by the authority of the corporation or by any one having the custody of, or authority to use its seal. Under the authorities in this state the defendant had the undoubted right to prove that the corporation authorized the execution of the notes in question, and that they were executed by him as its president under such authority with the intention of making them the notes of the corporation and not his personal obligations. He made no effort to prove such facts. Nor was there any attempt to prove that they were received by the payees with the understanding that they were to be treated as the notes of the corporation.

There is no evidence in the record that the defendant was president of the corporation at the time the notes were executed. The only evidence that he was president at any

time was certain proceedings of the corporation which showed that he acted as president of the company for the purpose of obtaining an increase of the capital stock thereof at a time prior to the execution of the notes.

We hold that the words " Prest. Mt. Carmel Lgt. & Water Co." following the signature of the defendant upon the notes in question are simply descriptive of the person, and that the instruments are *prima facie* the notes of William S. Reed. McNeil v. Shober & Carqueville Lith. Co., 144 Ill. 238; Hately v. Pike, 162 Ill. 241; Braun v. Hess, 187 Ill. 283.

The only remaining question is whether the notes were payable in money or bonds; if payable in the latter the judgment must be reversed, as there is no evidence in the record as to the value of the bonds to guide the court in the assessment of damages.

We hold, however, that the legal effect of the provision on the back of the notes was that at the date of the maturity of the notes they might be paid in first mortgage bonds of the corporation at their par value; but it having been neither pleaded nor proven that the defendant tendered such bonds at or before the maturity of the notes, he became bound to pay in money, and forfeited his right to pay in bonds, and that in a suit thereafter on the notes their face value is the measure of damages. Owen v. Barnum, 2 Gilm. 461; Van Hooser v. Logan, 3 Scam. 389; Hoys et al. v. Tuttle, 8 Ark. 124; Wainwright v. Straw, 15 Vt. 215; Farmers' L. & T. Co. v. Canada & St. L. R. Co., 11 L. R. A. 740.

The propositions of law submitted by the defendant were properly refused by the court. The first three are disposed of by what has already been said. The fourth might have been proper if the proofs had shown the notes were in fact executed by the corporation. The fifth was not based upon any evidence in the case.

Finding the record free from error the judgment of the Circuit Court will be affirmed.