150    Appellate Courts of Illinois.

Lord & Thomas v. Sanitary Drinking Cup Co., 191 Ill. App. 150.

## Lord & Thomas, Appellee, v. Sanitary Drinking Cup Company, Appellant.

### Gen. No. 20,271.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLAR-ENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed January 25, 1915.

### Statement of the Case.

Action on contract by Lord & Thomas, a corporation, against Sanitary Drinking Cup Company, a corporation.

 The contract provided for services to be rendered by plaintiff for a term of one year as advertising agent for defendant. Plaintiff was to receive for its services the net cost of all advertising space purchased by it for defendant plus a commission of fifteen per cent. above the cost, to be increased in certain cases to twenty-five per cent. Defendant guarantied that the commissions for the year's business would be equal to $1,500 annually, and that in the event they fell below that amount defendant would pay plaintiff, twelve months after the date of the contract, the difference between $1,500 and the amount of commissions received. The advertising was discontinued by defendant before the expiration of the contract and when the commissions had reached $122.42.

Judgment was rendered for plaintiff on December 22, 1913, on an instructed verdict of the jury for $1,452.48, representing the balance of $1,377.58 and interest for slightly over thirteen months at the legal rate, the contract being dated November 8, 1911.

From this judgment, defendant appeals.

LOUIS BRANDES, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 437*—*when evidence as to defense not pleaded properly excluded.* In an action against a corporation to recover the balance due on a contract executed for the corporation by its secretary and treasurer, evidence that he had no authority to execute is properly excluded where the pleadings do not set up the nonexecution of the contract by the defendant as a defense.

2. PLEADING, § 321*—*when verification of issue of nonassumpsit insufficient.* In an action against a corporation to recover the balance due on a contract alleged to have been executed for the defendant by its secretary and treasurer, defendant pleaded the general issue of nonassumpsit without an affidavit verifying the plea or denying the execution, though it filed an affidavit of merits. It was *held* that the affidavit did not meet the requirements of sec. 52 of the Practice Act in relation to denying the execution of an instrument sued on.

3. CORPORATION, § 382*—*when bound by contract of officer.* Where a corporation acknowledged and acted upon a contract executed for it by its secretary and treasurer, express authority to the officer to make it originally is not material.

4. DAMAGES, § 81*—*when question of liquidated damages or penalty not involved.* In an action to recover for the balance due on a contract which provided that plaintiff should receive a certain sum as a minimum for the services undertaken by it and a larger sum in a certain event, where the evidence shows a breach of contract by defendant, no question of penalty or liquidated damages is involved in a verdict for the minimum fixed by the contract.

5. INTEREST, § 8*—*when allowed in action on contract.* Where a contract in writing provides for services for a term of one year and that as consideration for such services the party rendering them shall receive commissions on the amounts expended by him, the other party guarantying that the amounts of such commissions will be equal to $1,500, and that should they not reach that figure said other party will pay the difference between $1,500 and the amount actually recovered, in an action to recover the amount of such difference, it is proper, in a verdict for plaintiff, to include interest.

6. CORPORATIONS, § 66*—*when seal unnecessary on contract of corporation.* A seal is not necessary on a contract for services for the term of a year entered into for a corporation by its secretary and treasurer.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.