## W. R. Hunter, Appellant, v. H. H. Troup and Walter C. Schneider, Appellees.

## Gen. No. 7,054.

1. PLEADING—*effect of filing second affidavit of merits after striking of first.* Under section 55 of the Practice Act, Cahill's Ill. St. ch. 110, ¶ 55, the striking of an affidavit of merits does not carry with it the plea, and the filing thereafter of an additional affidavit under leave of court will prevent plaintiff from taking judgment by default.

2. PLEADING—*refusal to strike notice of special defenses as equivalent to permission to file.* The objection to a notice of special matters in defense that it was filed without leave of court cannot be sustained where plaintiff entered a motion to strike the notice and the court overruled the motion, the action of the court being tantamount to the granting of a leave to file the notice.

3. PLEADING—*effect of notice of special defenses.* Under section 46 of the Practice Act, Cahill's Ill. St. ch. 110, ¶ 46, a defendant may plead the general issue and give notice in writing thereunder of special matters to be relied upon for defense, and under such notice he is permitted to give evidence of the facts therein stated as if the same had been specially pleaded and issue taken thereon.

4. PLEADING—*effect of pleading general issue with notice of special defenses.* A plea of the general issue accompanied by a notice of special defenses is equivalent to a plea of nonassumpsit plus as many additional pleas as would be necessary to set up the several defenses specified in the notice and is to be considered as a consolidated plea, presenting every defense set forth in the notice.

5. PLEADING—*when affidavit of merits not considered as filed in support of notice of special defenses.* When an affidavit of merits is filed by leave of court after expiration of the time allowed to file additional pleas and affidavit of merits, and, at the same time, defendant files a notice of special matters intended to be relied upon in defense of the action, the affidavit of merits was not filed in support of the notice but was filed in support of the plea under section 55 of the Practice Act, Cahill's Ill. St. ch. 110, ¶ 55, and the plea then enlarged through the provisions of section 46 of that Act, Cahill's Ill. St. ch. 110, ¶ 46.

6. PLEADING—*effect of including unavailable defenses in affidavit of merits and notice of special defenses.* That there are some matters set up in an affidavit of defense and a notice of special matters of defense to be relied upon as to which evidence could not be introduced furnishes no reason for holding either the notice or the

affidavit wholly insufficient if some matters are presented which do constitute a defense.

7. PLEADING—*matters which may be proven under plea of general issue with notice of special defenses.* Under a plea of the general issue, broadened by a notice of special defenses and accompanied by an affidavit complying with the provisions of section 55 of the Practice Act, Cahill's Ill. St. ch. 110, ¶ 55, it is proper to prove any competent matter set up in such notice and affidavit.

8. PLEADING—*sufficiency of affidavit of merits.* An affidavit of merits does not comply with section 55 of the Practice Act, Cahill's Ill. St. ch. 110, ¶ 55, if the affiant does not swear that the matters set forth as constituting a defense are true or that they are believed to be true and set forth the facts upon which he bases such belief.

Appeal from the Circuit Court of Kankakee county; the Hon. A. W. DeSelm, Judge, presiding. Heard in this court at the April term, 1922. Reversed and remanded with directions. Opinion filed October 25, 1922. Rehearing denied January 4, 1923.

W. H. Dyer and H. F. Ruel, for appellant; W. R. Hunter, *pro se,* of counsel.

Walter C. Schneider, *pro se,* and Miller & Streeter, for appellees.

Mr. Presiding Justice Jones delivered the opinion of the court.

Appellant, W. R. Hunter, a practicing attorney of Kankakee county, Illinois, instituted this suit in assumpsit against the appellees, H. H. Troup and Walter C. Schneider, in their individual capacities, to recover the sum of $2,000 which he claimed to be due him from them as attorney's fees for service rendered them as executors of the estate of Madeline E. Huling, deceased. With the declaration there was filed an affidavit showing the nature of appellant's demand as provided for by section 55 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 55]. On October 25, 1920, appellees filed a plea of the general issue accompanied by an affidavit of merits. On motion of

appellant the said affidavit of merits was stricken. Leave was then granted appellees to file additional pleas and affidavit of merits by December 1, 1920. This leave was not availed of by appellees within the time mentioned, but upon December 4, 1920, leave was granted them to file an affidavit of merits instanter and the same was thereupon filed. At the same time, appellees filed a notice of special matters intended to be relied upon by them in defense of the action. A motion by appellant to strike the said notice from the files was denied by the court. Appellant thereafter moved the court for judgment as in the case of default. This motion was denied and the appellant elected to stand by his said motion, whereupon the court entered judgment dismissing the suit and adjudging the costs against him. The cause is before us upon appeal.

It is claimed by appellant that the action of the court in striking the first affidavit of merits from the files carried the plea with it and rendered the plea a nullity, thereby leaving no plea on file; that inasmuch as no plea was on file there was nothing to support the notice of special matters to be relied upon in defense; that there was no plea to support an affidavit of merits, and that the law does not provide for filing an affidavit of merits in support of a notice of special matters in defense under the general issue.

It does not appear from the briefs of counsel upon what grounds the original affidavit was stricken, but this is of no materiality here. The first question to be determined is whether or not the judgment of the court in striking such affidavit had the effect to render the plea a nullity. Said section 55 provides that where the plaintiff files with his declaration an affidavit showing the nature of his demand, etc., he shall be entitled to judgment, as in case of default, unless the defendant shall file with his plea an affidavit stating that he verily believes the defendant has a good de-

fense to said suit upon the merits, to the whole or a portion of plaintiff's demand, and specifying the nature of such defense, etc. It is plain from the language of the statute that unless the defendant's plea is accompanied with an affidavit of defense, the plaintiff will be entitled to judgment as in case of default, not because of the want of a plea but because of the want of an affidavit stating the nature of the defendant's defense. The judgment is authorized notwithstanding there is a plea on file. In this case if appellant had moved for judgment when the affidavit was stricken, he would have been entitled to it. But the court could have granted appellees, as it did, the right to file an additional affidavit. The filing of such additional affidavit under leave of court would of course prevent plaintiff from taking judgment as in a case of default. The statute cannot be construed into giving a plaintiff the right to such judgment when an affidavit of defense is filed either with the defendant's plea or at a subsequent time under leave of court.

It is next urged that this notice of special matters to be relied upon in defense was filed without leave of court. This objection cannot well be urged because appellant entered his motion to strike the notice and the court overruled the motion. This action of the court was tantamount to the granting of leave to file the notice. (*Reed v. Fleming,* 102 Ill. App. 668.)

Appellant urges that if a plea of the general issue is filed it must be supported by an affidavit of merits stating facts constituting the defense; that only such facts may be shown under it as are admissible under the general issue, and that none of the matters set out in the affidavit here can be shown under the general issue but can be shown only under special pleas. We cannot agree with this contention. Under section 46 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 46] a defendant may plead as many matters of fact in sev-

eral pleas as he may deem necessary for his defense, or he may plead the general issue, and give notice in writing under the same, of the special matters intended to be relied on for a defense on the trial. Under such notice, he is permitted to give evidence of the facts therein stated, as if the same had been specially pleaded and issue taken thereon. The purpose of the enactment of said section 46 was to obviate the necessity for filing additional pleas setting up matters which under the rules of pleading must be specially pleaded. A plea of the general issue accompanied with a notice of special defenses is equivalent to a plea of nonassumpsit plus as many additional pleas as would be necessary to set up the several defenses specified in the notice. Such plea, accompanied by notice of special matters intended to be relied on for a defense, is to be considered as a consolidated plea, presenting every defense set forth in the notice. Counsel for appellant are under a misapprehension when they assert that the affidavit of merits in this case was filed in support of the notice. The affidavit was, in fact, filed in support of the plea under section 55 of the Practice Act. The plea was then enlarged through the provisions of section 46 of the Practice Act to admit of all defenses which might be provable under any proper plea presenting the matters set forth in the notice and affidavit.

There may be some matters set up in the notice and also in the affidavit of defense, the evidence of which cannot be admitted in this case under any plea. But this furnished no reason to hold either the notice or the affidavit wholly insufficient. There are some matters presented which do constitute a defense and resort to the court may be had for a ruling upon the admissibility of evidence when it is offered upon the trial. Where the affidavit is wholly insufficient it may be stricken from the files. (*Firestone Tire & Rubber Co. v. Ginsburg*, 285 Ill. 132.)

The cases of *Firestone Tire & Rubber Co. v. Ginsburg, supra*, and *Harrison v. Rosehill Cemetery Co.*, 291 Ill. 416, are relied upon by appellant in his contention that where the only plea filed is nonassumpsit, no defense can be shown except one which is admissible under such plea. We think that the cases cited do not support such contention. In *Firestone Tire & Rubber Co. v. Ginsburg* there were special pleas filed and an affidavit of merits was attached to each stating the same facts alleged in the plea. It was urged that this was a violation of the statute which justified striking the affidavits from the files. Our Supreme Court held that there is no reason why an affidavit of merits may not be filed with each plea which sets up a different defense. In *Harrison v. Rosehill Cemetery Co., supra*, the Supreme Court was not called upon to pass on the effect of filing a notice of special defenses to be offered under a plea of the general issues as in this case. No such question was involved. The court held that if the plea is nonassumpsit, the affidavit must show a defense under that plea, and if there are special pleas the affidavit must show facts of such a nature as will be a defense under those pleas. From the two cases, it will be observed that where a plea of nonassumpsit is filed (without notices of special matters intended to be relied on for a defense), only matters which are provable under the general issue may be shown; and where only special pleas are filed, it is not necessary that they be covered by a single affidavit but each may be accompanied by a separate affidavit. We conclude that under a plea of the general issue broadened by a notice of special defenses and accompanied by an affidavit complying with the provisions of section 55 of the Practice Act, it is proper to prove any competent matter set up in such notice and affidavit.

In our discussion of the proper construction to be given to sections 46 and 55 of the Practice Act

[Cahill's Ill. St. ch. 110, ¶¶ 46, 55], we have treated the affidavit·in this case as fully complying with said section 55.

We have done this notwithstanding we believe the affidavit is defective for reasons hereafter pointed out.   Since this case will probably be for trial again, we have deemed it proper to express our views as to what may be shown under a plea of the general issue when accompanied with a notice of special matters of defense.

Under our holding in *Sauer v. Cohien*, 208 Ill. App. 432, the affidavit in this case is not sufficient because the affiant does not swear that any of the matters which are set forth as constituting a defense are true, or that the same are believed to be true by the affiant and upon what facts he bases such belief.   The legislature undoubtedly intended, under said section of the statute, to require a defendant, not only to specify the nature of his defense but to proclaim its truth with as much certainty as the plaintiff is required to assert by affidavit the truth of his claim.

Because of the insufficiency of the affidavit as herein pointed out, this cause is reversed and remanded to the trial court with directions to permit the defendants, if they chose to do so, to file an amended affidavit within a reasonable time.   In the event no such leave is availed of within a reasonable time, the court will render judgment in favor of the plaintiff, as in the case of default.

*Reversed and remanded with directions.*