## Sears Roebuck & Company, Appellee, v. C. J. Wolf et al. C. J. Wolf, Appellant.

## Gen. No. 31,710.

1. AGENCY—*liability of members of charitable committee for goods purchased.* Where goods are sold to a committee which is disbursing funds donated by the public for charitable purposes, and the agreement is that the seller looks solely to the fund for his payment, the individual members of the committee cannot be held liable.

2. AGENCY—*liability of member of charitable committee to reimburse seller on rescission by committee on sale of goods to it.* Where a sale of goods to a committee, which is disbursing funds donated for charitable purposes, is rescinded under an agreement with the seller that he will be reimbursed for the expense of the sale, and the committee knowing that the seller may have such a claim disburses the entire fund without inquiry, held that a judgment against a member of the committee for its seller's expense would be sustained.

3. TRIAL—*ruling of court limiting recovery to one item as not invading province of jury.* In an action by a seller to recover the expenses incurred in the sale of goods which had been rescinded by the buyer, a ruling of the court that he would exclude all claims except the freight, held not to invade the province of the jury to decide the amount of the freight.

4. PLEADING—*plea denying joint liability not waived by general issue.* A special plea of a defendant denying his joint liability on a contract incurred by a committee is not waived by his filing a plea of the general issue in addition, in view of Cahill's St. ch. 110, ¶ 54.

5. APPEAL AND ERROR—*contention not considered on appeal if not urged at trial.* A member of a committee, the sole defendant served in an action against all the members on a joint obligation, is not in a position to contend on appeal from a judgment against himself that the evidence did not tend to prove the joint liability of all the defendants where no such contention was made upon the trial.

6. PLEADING—*failure to verify plea not met by affidavit of merits.* Failure of a defendant to verify his plea of nonjoint liability on an obligation, as required by Cahill's St. ch. 110, ¶ 54, is not met by an affidavit of merits.

Appeal by defendant from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Affirmed. Opinion filed December 12, 1927.

Sears Roebuck & Co. v. Wolf, 246 Ill. App. 550.

RANKIN & LUSTFIELD, for appellant; ODE L. RANKIN, of counsel.

ADLER, LEDERER & KAHN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against C. J. Wolf and a number of other persons who, it was alleged, were officers or members of the West Suburban Tornado Relief Committee, a voluntary unincorporated association, to recover $823.17 claimed to be due and owing to plaintiff for freight charges and other expenses incurred in connection with the sale by plaintiff of ten portable houses to the defendants. The case was tried and there was a verdict and judgment in plaintiff's favor against the defendant C. J. Wolf for $467.08 and he appeals.

The record discloses that on March 28, 1920, there was a tornado which caused a great deal of damage in a number of suburbs lying west of Chicago, and that to relieve the situation a committee was formed to take charge of the matter. A number of persons from each of the suburbs were placed upon the committee, of which the defendant Wolf was chairman. He was a resident of Melrose Park and president of that village and was also president of the Citizens State Bank there located. A number of homes had been destroyed by the tornado and to afford relief it was decided to purchase ten portable houses from plaintiff and this was accordingly done. J. B. Lee, who was appointed chairman of the housing committee, acting under the general committee of which the defendant Wolf was, as stated, general chairman, purchased the portable houses, which were at Cairo, Illinois. The houses were immediately forwarded by freight and at about the time they arrived at destination plaintiff was advised

that on account of some labor difficulty over which defendants had no control, they would not be able to make use of the houses and plaintiff was requested to cancel the order—to take back the houses. Plaintiff, seeing the situation, agreed to the proposition upon condition that it be paid the expenses incurred and to be incurred in bringing the houses to the Chicago suburb and in disposing of them, and this was agreed to. The houses were taken back by the plaintiff and afterwards sent by it to Akron, Ohio, where plaintiff, apparently, disposed of them. It is to recover the freight and expenses incurred that plaintiff brought this action.

Plaintiff offered evidence tending to show the expenses it had been put to, but the court ruled that no recovery could be had except for the freight paid by plaintiff to the railroad company for transporting the houses from Cairo to the Chicago suburb and the return of the houses to Cairo. Plaintiff also offered evidence to the effect that the freight charge from the Chicago suburb to Akron was substantially the same as that between Cairo and the Chicago suburb.

The defendant Wolf was the only defendant who was served by the sheriff and the only defendant who entered his appearance, so that when the case was tried he was the only defendant before the court. He offered evidence tending to show that the purchase of the ten portable houses was authorized for $6,340, and that when the committee encountered labor troubles, the chairman of the housing committee, J. B. Lee, was instructed to take the matter up with plaintiff with a view of having the contract rescinded and the houses taken back by plaintiff, without expense to the committee if possible, but that if plaintiff insisted upon payment of costs and charges, Lee was authorized to agree to pay them. It further appeared from the evidence that the committee of which defendant was the chairman received and disbursed about $102,000, and

the defendant Wolf gave evidence to the effect that the last of the money had been disbursed during the first part of September, 1920, and that he did not learn of plaintiff's bill until about December 10, 1920. The evidence further tended to show that plaintiff had mailed its bill to Mr. Lee on July 7, 1920, and had at the same time sent a copy of the bill to defendant Wolf, addressed to the West Suburban Tornado Relief Committee, Melrose Park, Illinois. Wolf testified that he did not receive the bill and had not been informed by Lee that Lee had received the bill; that Lee had severed his connection with the committee about the first of June on account of ill health, had gone south and some time thereafter, but prior to the trial, died. The evidence further shows that in December, 1920, representatives of the plaintiff took the matter up with Wolf in an endeavor to have plaintiff's bill paid and that Wolf thereafter endeavored to get his committee together to take action in the matter, but without success; that numerous negotiations took place, covering a period of several months, but no payment was made.

The defendant contends that the judgment is wrong and should be reversed because the evidence shows that plaintiff was dealing with a committee which was disbursing public donations for charitable purposes, and therefore plaintiff must look to the fund and not to the individual liability of the members of the committee. In support of this proposition Story on Agency (sec. 287), *Little Rock Furniture Mfg. Co. v. Kavanaugh,* 111 Ark. 575, 581; *Trantom v. Fallon,* 12 La. Ann. 25, are cited. The law seems to be well settled that where goods are sold to a committee which is disbursing funds appropriated for charitable purposes, such as in the instant case, and the agreement is that the seller looks solely to the fund for his payment, the individual members of the committee cannot be held liable. While there is evidence tending to show

that plaintiff was looking to the fund for its payment, yet upon a consideration of all the evidence a different view might well be taken; and in this circumstance the question was a proper one for the jury. The court instructed the jury that if they believed from the evidence that plaintiff extended credit to the West Suburban Tornado Relief Committee solely in reliance upon the funds collected, then their verdict should be for the defendant, Wolf. The jury by their verdict found in effect that plaintiff did not look solely to the fund, and we cannot say that such finding is manifestly against the weight of the evidence.

In the *Kavanaugh* case above referred to, it was held that a committee of citizens, acting in behalf of a municipality to make arrangements for the entertainment of an organization, was not personally liable for expenses incurred where the committee had equitably disbursed the fund, giving each creditor his pro rata share of it. In the instant case the evidence shows that Lee was authorized to incur the liability involved. There is the testimony of Wolf himself that he knew the portable houses had been purchased and he told Lee to rescind the sale without expense to the committee, but if this could not be done to agree to pay plaintiff the expenses it had incurred. Wolf knew that Lee had left the committee in the early part of June but he did not advise plaintiff of this fact. Plaintiff mailed its bill on July 7th to Lee. The testimony also is that it mailed a copy of the bill to Wolf in care of the committee at Melrose Park. Wolf testified that he never received this bill and did not know that the bill had been sent to Lee, yet knowing that probably plaintiff would have a claim, the committee disbursed all of the fund without making any inquiry. In these circumstances we think we would not be warranted in disturbing the judgment.

Defendant further contends that the court invaded the province of the jury in deciding that the amount

of the freight was $467.08. We think this contention is without merit. The court on the hearing stated that he would exclude all claims of plaintiff but the freight, which was $467.08, and the ruling appears to have met with the approval of defendant, because plaintiff was making claim for more than $800.

A further point is made that the judgment is wrong because plaintiff brought suit against Wolf, together with 19 other persons as officers or members of the West Suburban Tornado Relief Committee; that only Wolf was served, the other members not appearing; that plaintiff made no proof as against any of the defendants except Wolf, and that plaintiff was required to do this since the defendant had filed a verified plea denying his joint liability. In reply to this contention plaintiff takes the position that the defendant Wolf, by filing a plea of the general issue, waived the special plea denying his joint liability, and in support of this cites the case of *Green v. Shaw,* 66 Ill. App. 74. We think defendant's contention must be sustained. In the *Green* case it was held, as plaintiff contends, that where a defendant files a verified plea denying joint liability with other defendants, and also pleads the general issue, he waives his right to insist upon plaintiff proving the joint liability with the other defendants. The court there said (p. 76): "But in addition to that plea he pleaded the general issue * * *. By pleading the general issue he waived his right to insist upon the plaintiff's proving his joint liability with the other defendants." In that case the court cited in support of its holding, *Warren v. Chambers,* 12 Ill. 124, in which case the court quoted section 8 of chapter 40 of the Revised Statutes, which is now section 54 of our Practice Act, Cahill's St. ch. 110, ¶ 54, with some changes to be hereinafter noted. The section quoted in the *Warren* case is as follows: "In actions upon contracts expressed or implied, against two or more defendants, as partners, or joint obligors or

payors, proof of the joint liability or partnership of the defendants, or their christian or surnames shall not, in the first instance, be required, to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or the filing of pleas denying the execution of such writing, verified by affidavit, as required by law." Section 54 of our present Practice Act, Cahill's St. ch. 110, ¶ 54, is as follows: "In actions upon contracts, expressed or implied, against two or more defendants, as partners or joint obligors or payors, whether so alleged or not, proof of the joint liability or partnership of the defendants, or their Christian or surnames, shall not, in the first instance, be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, *or unless the defendant shall file a plea in bar, denying the partnership, or joint liability,* or the execution of the instrument sued upon, verified by affidavit." It will be noted that in the present act it is provided that the defendant may file a plea in bar, denying the partnership or joint liability, so that under the present statute a plea denying joint liability is designated a plea in bar and not a plea in abatement, as was the case in the statute before amendment. The holding in the *Green* case was in effect that a plea in abatement was waived by filing a plea in bar, but the statute has since been changed as above noted. Moreover, even before the statute was changed our Supreme Court in the case of *Stillson v. Hill,* 18 Ill. 262, held that a plea in abatement denying a copartnership by one of several defendants was not waived by the same defendant filing a plea in nonassumpsit. We therefore hold that the defendant did not waive its plea of nonjoint liability by filing, in addition, the general issue. But we are also of the opinion that the defendant is not in a position to contend that the evidence did not tend to prove the joint liability of all the defendants, because a care-

ful examination of the record fails to disclose that any such contention was made upon the trial but, on the contrary, instructions offered and given at the request of the defendant were all on the theory that such proof had been made. The court was requested by the defendant to instruct the jury that if they believed from the evidence that the plaintiff had extended credit to the Western Suburban Tornado Relief Committee, looking to the fund for its payment, and that credit was not extended to the defendants personally, then plaintiff could not recover. The court modified this to the effect that the verdict should be for the defendant unless the jury found from the evidence that plaintiff looked solely to the fund. And by instruction 4 as modified and given the jury were told that if they believed from the evidence "that the plaintiff extended credit to the defendant, Charles J. Wolf, and the other persons sued herein," etc. It will be seen that these instructions were given on the theory that there was evidence warranting the giving of them, and that plaintiff had introduced evidence against all the defendants, and having taken that position on the trial defendant cannot shift his position in this court and now contend that there was no evidence against some of the parties sued. But in no event could defendant's position be sustained, because, upon looking into the record, we find that defendant's plea of nonjoint liability is not verified, as required by the statute (section 54, chapter 110, R. S., Cahill's St. ch. 110, ¶ 54). The only affidavit following the pleas is an affidavit of merits. This is insufficient under the plain wording of the statute and under the authorities. *Stocker v. Leonard Machinery & Tool Co.,* 231 Ill. App. 206; *Hansen v. Hale,* 44 Ill. App. 474; *Lord & Thomas v. Sanitary Drinking Cup Co.,* 191 Ill. App. 150.

The judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.