## ALONZO L. LOVELL ET AL.

### v.

## RICHARD L. DIVINE ET AL.

1. APPEALS—TRIAL DE NOVO.—In appeals from the final orders, judgments and decrees of a county court to a circuit court, the trial in the latter court should be *de novo*.

2. REPEAL OF STATUTE.—The act of 1872, extending the jurisdiction of county courts, even if applicable to causes arising under the probate jurisdiction of a county court, was repealed by act of 1874.

3. FINAL JUDGMENT—PRO FORMA ORDERS.—A final judgment or order should be entered in the circuit court. determining the matters involved in the appeals. The practice of entering *pro forma* orders should not be indulged in.

ERROR to the Circuit Court of DeKalb county; the Hon. CLARK W. UPTON, Judge, presiding.    Opinion filed December 28, 1882.

On appeals from the county court to the circuit court from orders of the county court approving the inventory, appraisement and widow's relinquishment and selection in the estate of John Lovell, deceased, the circuit court consolidated the three appeals and entered a *pro forma* judgment reversing the finding and judgment of the county court and remanding the cause to that court for a new trial.

Mr. FRANK E. STEVENS, for plaintiffs in error; that rulings *pro forma* should not be indulged, cited Penn v. Oglesby, 89 Ill. 110.

Appeals to circuit court allowed from all judgments, etc., of county court in matters relating to administration of estates: R. S. 1874, Chap 37, § 187.

An appeal taken after act of 1874 must be tried *de novo:* Lucas v. Dennington, 86 Ill. 88.

Error to render a judgment against an administrator personally for costs: Church v. Jewett, 1 Scam. 55; Bailey v. Campbell, 1 Scam. 110; Gibbons v. Johnson, 3 Scam. 61;

Lovell et al. v. Divine et al.

Granjang v. Merkle, 22 Ill. 249; Hunter v. Bilyen, 39 Ill. 367; People v. Cloud, 50 Ill. 439.

A case will be reversed without exception taken when the verdict of the jury is erroneously recorded by the clerk: Lambert v. Borden, 10 Bradwell, 648.

Mr. DUNCAN McDOUGALL, for defendants in error; that no advantage can be taken of errors of court below since no objection was made nor exception taken to proceedings there, in accordance with section 61 of Practice Act, cited R. S. 1881, Chap. 110, § 61; Parsons v. Evans, 17 Ill. 238; Jones v. Buffum, 50 Ill. 277; Schmidt v. Skelley, 9 Bradwell, 532; Duncan v. Chandler, 5 Bradwell, 499; Magill v. Brown, 98 Ill. 235.

Trial by the court, only dispenses with necessity of motion for new trial and exception to order overruling: D. M. Force Mfg. Co. v. Horton, 74 Ill. 310.

Judgment may be rendered personally against administrator for costs, where there is *mala fides* or gross negligence: Russell v. Hubbard, 59 Ill. 339.

Although the court criticises *pro forma* rulings, they do not on that account reverse the judgment: Penn v. Oglesby, 89 Ill. 110.

PILLSBURY, P. J. In appeals from the final orders, judgments and decrees of the county court to the circuit court the trial in the latter court should be *de novo:* Revised Stat. 1874, page 339, sec. 212. The act of 1872 extending the jurisdiction of county courts, provided for trials in circuit courts on appeals taken under that act upon the record of the county court, as in cases of appeal to the Supreme Court from the circuit, but that act was repealed by the act of 1874, even if it was applicable to causes arising under the probate jurisdiction of the county court: Lucas v. Dennington, 86 Ill. 88.

A final judgment or order should have been entered in the circuit court determining the rights of the parties in the matters involved in the appeals.

The practice of entering *pro forma* orders at the circuit was criticised by the Supreme Court in Penn's Adm'rs v.

Oglesby, 89 Ill. 110, and should not therefore be indulged in. The judgment will be reversed and the cause remanded for a new trial at the circuit.

Judgment reversed.