# CASES

# SUPREME COURT OF ILLINOIS.

*In re* ESTATE OF HENRY GRAVES, Deceased.

*Opinion filed October 26, 1909.*

1. CHARITIES—*it is the policy of the law to uphold charitable bequests, if possible.* It is the policy of the law to uphold charitable bequests, if possible, and the fact that under our Inheritance Tax act such bequests are exempt from the inheritance tax is no reason for changing or departing from such policy.

2. SAME—*the definition of charity.* The definition of the word "charity," as adopted by the Supreme Court in *Crerar* v. *Williams,* 145 Ill. 625, is comprehensive, and includes gifts for the erecting and maintaining of public buildings or works or for purposes otherwise lessening the burdens of government.

3. SAME—*motives of donor do not determine whether gift is a charity.* In determining whether or not a gift is charitable, courts do not look to the motives of the donor, but rather to the nature of the gift and the object which will be attained by it.

4. SAME—*gift for drinking fountain and statue is a charitable one.* A gift of money to erect in a park a public drinking fountain for horses, in connection with a life-size bronze statue of a certain horse whose performance the donor desired to have remembered, is properly regarded as a charitable gift, within the meaning of the Inheritance Tax act, even though the name of the donor and the fact of his donation is to be inscribed on the fountain and statue, together with a statement of the horse's name and a record of his performance.

APPEAL from the County Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding.

W. H. STEAD, Attorney General, and WALTER K. LINCOLN, Inheritance Tax Attorney, for appellant:

The burden of proof is upon the person or corporation claiming exemption under the act to tax gifts, legacies, inheritances, etc., and the amendments thereto. *In re Speed,* 216 Ill. 23; *People* v. *Railway Co.* 138 id. 85; *People* v. *Camp Meeting Ass.* 160 id. 579; *Alden* v. *St. Peter's Parish,* 158 id. 631.

To entitle the bequest for the drinking basin for horses, and the monument, with inscriptions thereon, to exemption from taxation under section 2½ of the act to tax gifts, legacies, inheritances, etc., and the amendments thereto, the record must show positive proof that said drinking basin or fountain for horses works a charitable or benevolent purpose. *People* v. *Railway Co.* 138 Ill. 85; *In re Speed,* 216 id. 23; *People* v. *Camp Meeting Ass.* 160 id. 579.

The bequest for the purpose of the erection of a drinking fountain or basin for horses, and the monument, ·with inscriptions thereon, etc., is not *per se* a bequest for educational, charitable or benevolent purpose. *Jackson* v. *Phillips,* 96 Mass. 539; *Hofer* v. *Clogan,* 171 Ill. 468; *Crerar* v. *Williams,* 145 id. 625.

A charitable gift must be free from the stain or taint of every consideration that is personal, private or selfish. *Price* v. *Maxwell,* 28 Pa. 23.

An educational purpose must be one which directly promotes cause of education. *Haynes* v. *Carr,* 70 N. H. 463.

HOLLAND & ELLIOTT, for appellees:

A gift for the purpose of erecting a drinking fountain for horses, ornamented with a statue of a horse, upon public property and for the use of the public, is a charity. *Smith's Estate,* 171 Pa. 109; 5 Am. & Eng. Ency. of Law, 895, 933; *Crerar* v. *Williams,* 145 Ill. 625; *Perin* v. *Casey,* 65 U. S. 465; *Ould* v. *Washington,* 95 id. 303; *Smith* v. *Kerr,* 2 Ch. 511.

Gifts for the humane purpose of preventing suffering among animals are charitable in their nature and purpose, and have been held valid as charities whenever attacked. *In re Douglas,* 56 L. T. 786; *University* v. *Yarrow,* 26 L. J. Ch. 430.

The motive of the donor in making the gift is immaterial in deciding whether it is for a "charitable purpose" under the statute. The purpose to which the money is to be applied is the controlling fact, not the purpose with which it is given. Hurd's Stat. 1908, chap. 120, sec. 2½; *Smith's Estate,* 171 Pa. 109.

The amount or degree of benefit to result in the particular instance is not a proper matter to be considered in determining whether the gift is of a charitable character. The purpose to which the gift is to be applied, and whether it is a public purpose or a private one, conclusively determines the character of the gift. *Crerar* v. *Williams,* 145 Ill. 625; *Perin* v. *Casey,* 65 U. S. 465; *Smith* v. *Kerr,* 2 Ch. 511.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county holding that a gift of $30,000 by the will of Henry Graves, deceased, to the board of South Park Commissioners of the city of Chicago for the erection of a drinking fountain or drinking basin for horses, and in connection therewith a bronze statue of a horse named "Ike Cook," was not subject to taxation under the Inheritance Tax law.

The gift is made by the fourth clause of the will of the testator, which reads as follows:

"*Fourth*—It is my will and I hereby direct my executors to obtain from the board of South Park Commissioners of the city of Chicago the privilege and right to erect

on the north side of Fifty-fifth street boulevard, at a point opposite the present driveway or trotting place for horses in said park, a drinking fountain or drinking basin for horses, and in connection with and in addition thereto a monument, which shall consist of a life-size, bronze statue of a horse named 'Ike Cook,' the first horse to trot in 2:30 over a mile track in the State of Illinois for a wager of $2000, $1000 a side, in the year 1856, over the Garden City race track, and to inscribe or carve on said monument and fountain, in a conspicuous place, my name as the person erecting said monument, the name of said horse and the time or record of speed said horse made over said Garden City race track in 1856, as follows, viz.: 'Donated and erected by Henry Graves; Ike Cook trotted in 2:30 in 1856 over the Garden City race track, located about eighty rods from this spot in the direction in which he is looking,'—said horse to be looking east when erected, in the direction of said race track. And my said executors are hereby directed to expend for such last named monument and drinking fountain, out of my estate, the sum of forty thousand dollars ($40,000.) Said South Park Commissioners to maintain and keep in good repair said monument and drinking fountain, free of expense to my estate."

The provision regarding the amount to be expended for the monument and drinking fountain was afterwards modified by a codicil, and then read, "not to exceed $40,000."

The cause was submitted to the court upon an agreed statement, wherein it was, among other things, stipulated "that the drinking basin for horses and monument shall consist of one structure; that said executors will expend $30,000 in the erection of said structure, and that the place at which said structure is to be erected, as provided by said will, is upon property held by the board of South Park Commissioners for park purposes."

Section 2½ of the act providing for a tax on gifts, legacies and inheritances exempts from taxation thereunder

property granted by gift, bequest or otherwise, for various purposes, among which are mentioned benevolent or charitable purposes. The question then to be determined is whether the gift in this case was for a benevolent or charitable purpose. If it was, it is exempt from the tax provided for by the Inheritance Tax law and the judgment of the county court was correct.

In *Crerar* v. *Williams,* 145 Ill. 625, this court adopted the legal definition of a charity as given in *Jackson* v. *Phillips,* 14 Allen, 556, which is as follows: "A charity, in a legal sense, may be more fully defined as a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or otherwise lessening the burthens of government. It is immaterial whether the purpose is called charitable in the gift itself, if it is so described as to show that it is charitable in its nature." Some of the definitions of "charity" given by lexicographers are: "Benevolence;" "any act of kindness or benevolence;" and "charitable" is defined as pertaining to or characterized by charity, benevolence and kindness.

It has always been the policy of the law to uphold charitable bequests and give effect to them whenever possible, and because our statute now exempts these bequests from the payment of the inheritance tax is no reason for departing from or modifying this ancient rule of construction favoring these charitable gifts. It will be seen from the definition above quoted that the meaning applied to the word "charity" is comprehensive and not restricted, and includes the erecting and maintaining of public buildings or works or otherwise lessening the burdens of government. This bequest could be upheld for these reasons alone. The sum of $30,000 is to·be expended on this monument and drink-

ing fountain. Its design is to be approved by and its erection will be under the control of the South Park Commissioners, and we can reasonably assume that when completed it will be artistic and ornamental. It is to be located in a conspicuous place in the park, will add to the beauty of the driveway and the grounds surrounding it and render that portion of the park more attractive and pleasing to the public who may view it and thus aid in the fulfillment of the purpose for which parks are established and maintained, which is the pleasure and recreation of the public. It is provided by the will that the fountain shall contain a drinking basin for horses. This also renders the bequest charitable in its nature. Kindness and consideration for dumb animals are now universally regarded as commendable, and are encouraged and promoted by numerous humane societies which are organized and maintained with this sole purpose in view. The motives which prompt bequests intended to relieve the suffering or increase the comfort and enjoyment of animals should be, and are, regarded as charitable, and should receive the same favorable consideration accorded like sentiments when manifested in behalf of human beings. It would clearly be within the province of the park commissioners to erect drinking fountains or basins for horses within the park. It is also proper that they should supply ornaments and in other ways beautify and adorn the parks under their control. The funds for this purpose can only be derived from taxation or from charitable bequests such as is here provided for; and thus again it will be seen that this bequest is within the meaning of the definition of charity above given, in that it may reduce taxation and thereby lessen the burdens of government.

It is argued by appellant that the purpose of the testator in making this bequest was personal and selfish and in no sense charitable; that it was to perpetuate his pride in the ownership of the horse Ike Cook, the first horse to

trot a mile in 2:30 over a mile track in the State of Illinois. It does not appear from the stipulation that the testator was the owner of the horse Ike Cook, but whether he was or not could make no difference. It will be observed from the inscription above quoted to be placed on the monument, that the only reference to the testator is, "Donated and erected by Henry Graves." It is certainly not unusual to find a condition attached to gifts of a public nature,— whether it be a monument, a church, a library or other public building,—that the name of the donor shall in some manner, by inscription or otherwise, be identified with and perpetuated by the gift. It has never been considered that this fact would render such a gift less charitable. It is doubtless true that during his life the testator was a lover of horses and desired by his will to give expression to his affection by the bequest for the erection of this monument and drinking fountain, but the life-size, bronze statue of a horse will not make the monument less beautiful or ornamental. Nor is it inappropriate that there should be, as a part of the fountain and drinking basin erected to relieve the suffering of horses by supplying water to quench their thirst, the statue of a horse,—an animal which has been so useful to man and has filled so important a part in the development of our country. Courts, in determining whether or not a gift is charitable, will not look to the motives of the donor but rather to the nature of the gift and the object which will be attained by it. *Smith's Estate,* 171 Pa. 109; *Crerar* v. *Williams, supra.*

We think the devise was for a charitable purpose, and the judgment of the county court is affirmed.

*Judgment affirmed.*