**In the Matter of the Estate of James R. Scanlan, Deceased.**
**Mary Scanlan et al., Appellants, v. James J. Kirby et al., Executors, Appellees.**

**Gen. No. 7,211.**

1. PROBATE COURTS—*retention of supplemental reports and inventory filed without leave within discretion of circuit court on appeal from probate court.* It was not error for the circuit court, on appeal from the probate court in a probate proceeding, to overrule objections to supplemental reports and a supplemental inventory filed by the executors in that court without leave first obtained, since such ruling is within the sound discretion of the

court and equivalent to the granting of leave.

2. PROBATE COURTS—*final settlement of executor's accounts within power of circuit court on appeal from probate court.* A circuit court has jurisdiction to proceed to a hearing and final determination of all questions involved in the matter of the final settlement of the estate in probate, on appeal from the probate court from an order approving or disapproving a final report, under the provisions of the statute (Cahill's Ill. St. ch. 37, ¶ 341) pertaining to appeals from probate courts, authorizing appeals in all matters except on application of representatives for sale of real estate, and providing for trial *de novo* on such appeals.

3. WILLS—*devise in trust for public bathhouse valid as charitable gift.* A devise of testator's residuary estate in trust, for the purpose of establishing and maintaining, in a specified city, a public bathhouse, to be used for the benefit of the people of such city, is a valid charitable gift.

4. WILLS—*devise to trustees for charitable use not in violation of rule against perpetuities.* A devise of testator's residuary estate to trustees to establish and maintain a public bathhouse in a certain city for the benefit of the people of that city is not in violation of the rule against perpetuities, under the statute of Elizabeth (43 Eliz. c. 4), excluding conveyances and devises to charitable uses from the operation of such rule.

5. WILLS—*devise to trustees for public bathhouse not void as vague, uncertain or indefinite.* A devise to trustees to establish and maintain a public bathhouse in a certain city for the benefit of the people of such city is not invalid as vague, uncertain and indefinite where the trustees are given discretionary power by the will to establish and maintain such bathhouse in such manner and under such conditions, restrictions and rules as they shall see fit to establish.

6. WILLS—*devise to charitable use not void for failure to provide for appointment of successors to trustees.* A devise in trust to establish and maintain a public bathhouse in a certain city for the benefit of the people thereof is not void for failure to provide for the appointment of successors to the trustees, since, under the statute of charitable uses, equity will administer the trust or appoint trustees to do so.

Appeal by plaintiffs from the Circuit Court of Kane county; the Hon. ADAM C. CLIFFE, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed September 7, 1923.

FRANK A. MCCARTHY, J. VINCENT MCCARTHY and ARCHIBALD CATTELL, for appellants.

J. J. Kirby, for appellees.

Mr. Justice Jett delivered the opinion of the court.

This is an appeal from an order of the circuit court of Kane county, disposing of two appeals taken from orders of the probate court of said county, in the matter of the estate of James R. Scanlan, deceased. On the hearing of said appeal in the circuit court, by agreement of the parties, they were consolidated so that the final order of the circuit court, from which this appeal was had, disposed of both of said appeals.

James R. Scanlan, of Elgin, died November 30, 1914, testate, and on petition of George E. Hunter, Mortimer M. Cloudman and James J. Kirby, who were named as executors and trustees of his last will and testament, his will was admitted to probate in the probate court of said Kane county and letters testamentary issued to the said executors, who qualified as such. The testator left surviving, as his only heirs at law, Mary Scanlan, sister of the whole blood, Nellie Scanlan Cleveland, Hannah Scanlan Sheehan, Kate Scanlan and Margaret Scanlan Loomis, his sisters of the half blood. The three half sisters last mentioned and the said Mary Scanlan are the appellants in this cause, and the executors are the appellees.

Briefly stated, the testator devised all his property of every kind, character and nature to James J. Kirby, George E. Hunter and Mortimer M. Cloudman, in trust for the following uses and purposes: To pay Mary Scanlan, whole sister, $500; to pay his half sisters $100 each, and to use the residue, after payment of debts, "for the purpose of establishing and maintaining in the City of Elgin, Illinois, a public bathhouse, to be used for the benefit of the people of the City of Elgin, in such manner and under such conditions, restrictions and rules as my said trustees shall see fit to establish, and the said public bathhouse shall

be known as the James R. Scanlan Public Bathhouse. In the event that the City of Elgin shall at any time be willing to take over my residuary estate thus to be devoted to the establishment and maintenance of a public bathhouse, and provided the City of Elgin shall undertake to establish and thereafter to maintain a public bathhouse, using therefor my said residuary estate, and devoting thereto such other amounts as shall be necessary to the proper maintenance of said public bathhouse, and will conduct the same under the name of the James R. Scanlan Public Bathhouse, then I will and direct that my said trustees, the survivors or survivor of them, pay over the said residuary estate to the City of Elgin under such conditions and provisions as shall seem proper in their discretion for the purpose of carrying out my wishes as hereinbefore expressed.''

Numerous errors are assigned as reasons for a reversal of the order entered by the circuit court. When the consolidated cases reached the circuit court various supplemental reports were filed as was also a supplemental inventory. Some of these were filed without leave of court. Objections were made to the filing of the supplemental instruments, and the objections were overruled by the court. The action of the court in overruling the objections is equivalent to granting leave to file such instrument. *Hunter v. Troup,* 226 Ill. App. 343-346; *Reed v. Fleming,* 102 Ill. App. 668.

If the trial court was of the opinion, in order to make a full and complete showing of the conditions of the estate so that a final report might be made, it was necessary for appellees to prepare and file an amended inventory and amended reports, and if they were filed without first obtaining leave to do so, can it be said that the court, in its discretion allowing them to remain on file and acting on them, erred in so doing? We think the action of the court was clearly within its discretionary powers.

The circuit cout proceeded to a hearing and complete determination of all questions involved in the matter of a final settlement. Appellants insist that the circuit court had no such power; that it was an appellate tribunal only in reference to appeals of the character involved here, and the original and exclusive jurisdiction over new inventories and reports and orders is vested in the probate court. Appellants further contend that it was the duty of the circuit court to reverse and remand the cause to the probate court, where the final order concerning the settlement of the estate should be made. We disagree with this contention of appellants, because we believe that where an appeal is taken from an order approving or disapproving a final report, the circuit court has power to make all necessary orders for a final settlement of the estate.

Section 11, ch. 37, Hurd's Rev. St., pertaining to probate courts [Cahill's Ill. St. ch. 37 ¶ 341], reads as follows:. "Appeals: Appeals may be taken from the final orders, judgments and decrees of the probate courts to the circuit courts of their respective counties in all matters except in proceedings on the application of executors, administrators, guardians and conservators for the sale of real estate, upon the appellant giving bond and security in such amount and upon such condition as the court shall approve, and upon such appeal the case shall be tried *de novo*."

In the case of *Lovell v. Divine,* 12 Ill. App. 50, an appeal was taken from the order of the county court of DeKalb county, approving the inventory, appraisement, widow's relinquishment and selection in the estate of John Lovell, deceased, in the circuit court of said county. On the hearing of said appeal the circuit court entered a pro forma judgment, reversing the finding and judgment of the county court and remanding the cause to the said court for a new trial. On writ of error from the Appellate Court to said

circuit court, the opinion of the Appellate Court, rendered by Presiding Justice Pillsbury, said: "In appeals from the final orders, judgments and decrees of the county court to the circuit court the trial in the latter court should be *de novo*. (Citing the statute.) * * * A final judgment or order should have been entered in the circuit court determining the rights of the parties in the matters involved in the appeals. The practice of entering pro forma orders at the circuit was criticized by the Supreme Court in *Penn v. Oglesby*, 89 Ill. 110, and should not therefore be indulged in. The judgment will be reversed and the cause remanded for a new trial at the circuit.''

In the case of *American Surety Co. v. Sperry*, 171 Ill. App. 56, the court, at page 60 of the opinion, said: "Where a probate matter is appealed from the county court or probate court to the circuit court, the trial is *de novo*, and that court having once obtained jurisdiction by such appeal should retain the cause for a final hearing upon the questions raised by the appeal; it is not proper practice for the circuit court to remand a cause to the county court for a hearing in that court, but a second appeal having been prosecuted to the circuit court, and from that court to this, no harm has been done by the irregular practice adopted.'' *Snell v. Weldon*, 162 Ill. App. 11.

The principal question, however, raised on this appeal is that the court should have declared the third clause of the will invalid and ordered a distribution of the residuary estate among the heirs at law as intestate property. The third clause of said will bequeaths the residuary estate to appellees as trustees, as we have above seen, and for the purpose of establishing and maintaining, in the City of Elgin, a public bathhouse, to be used for the benefit of the people of said city. The said clause further provides that

in case the City of Elgin shall be willing to take over said residuary estate and devote it for the purpose of establishing a public bathhouse, it may do so under such conditions and provisions as shall seem proper to said trustees for the purpose of carrying out the intentions of the testator.

It is contended by appellants that said third clause is invalid because the terms are too vague, indefinite and uncertain to be enforced; that it violates the rule against perpetuities; that it does not create a charitable gift, and that under its charter the city has no power to comply with the conditions of the bequest.

Does the devise create a charitable gift? A comprehensive legal definition of a charity or charitable use is given by Gray, Justice, in *Jackson v. Phillips,* 14 Allen (Mass.) 556, approved by the Supreme Court in the case of *Crerar v. Williams,* 145 Ill. 625, and *In re Graves' Estate,* 242 Ill. 23-27, as follows: "A charity, in a legal sense, may be more fully defined as a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works or otherwise lessening the burdens of government. It is immaterial whether the purpose is called charitable in the gift itself, if it is so described as to show that it is charitable in its nature."

Charitable gifts are looked upon with peculiar favor by the courts, which take special care to enforce them, and every presumption consistent with the language used will be indulged to sustain them. If a testator has manifested a general intention to give to charity, the charity is regarded as the matter of substance, and the gift will be sustained though it may not be possible to carry it out in the particular

manner indicated. *Franklin v. Hastings,* 253 Ill. 46-50.

It has always been the policy of the law to uphold charitable bequests and give effect to them, whenever possible. *In re Graves' Estate,* 242 Ill. 23-27.

Charitable trusts are the favorites of equity; they are construed as valid whenever possible, by applying the most liberal rules of which the nature of the case admits, and are often upheld where private trusts would fail. 11 Corpus Juris 307.

The immediate and unconditional devotion of a fund to charity, and not the time or manner of its application or administration, is the test of the validity of a bequest for charity. *Ingraham v. Ingraham,* 169 Ill. 432.

Where two constructions of a bequest to charity are possible, one of which will render the bequest void as an illegal perpetuity, and the other will render it valid and operative, the latter will be adopted. *Ingraham v. Ingraham, supra.*

If it be true that the devise in clause 3 in question is a charitable devise, then the doctrine that it violates the rule in relation to perpetuities cannot be invoked. The statute of Elizabeth in regard to charitable uses (43 Eliz. c. 4) is in force in this State, and its effect is to exclude conveyances and devises to such use from the operation of the rule against perpetuities. *Heuser v. Harris,* 42 Ill. 425; *Crerar v. Williams,* 145 Ill. 625; *Franklin v. Hastings, supra.*

The preamble of the statute of 43 Elizabeth enumerates many specific charitable purposes; but not only in jurisdictions where the statute is or has been in force or is adopted or recognized as part of the law of those jurisdictions, but also in jurisdictions where it is not so adopted or recognized but is considered simply as persuasive authority, or as an aid in determining what constitutes a charity, many purposes are deemed to be charitable which are not spe-

cifically named in the statute, but are within its spirit and reason. 11 Corpus Juris 314.

It is also insisted that the object and purpose of the devise in clause 3 of the will under consideration is uncertain and vague. It is essential to a valid gift for a charitable use, not only that the gift be for a purpose recognized in law as charitable, but that the instrument creating the gift point out such purpose with reasonable definiteness and certainty. As to the degree of certainty and definiteness required, it is necessary and sufficient that the donor designate his charitable purpose with sufficient definiteness and certainty to enable it to be executed or carried out. Where, however, the donor or testator indicates generally a charitable purpose, together with the limits thereof, or fixes the means whereby they may be ascertained, the gift is sufficiently definite and certain as to purpose, even though there is an indefiniteness as to details, it being proper to leave the details of the administration and of the mode of executing the trust to be worked out by the trustee under the supervision of a court of equity. 11 Corpus Juris 327.

A charitable trust, created by will, will not be held void for uncertainty as to the persons or objects to which it is to be applied, if there be some one appointed by the will to make the selection and render such persons or objects certain. *Trafton v. Black,* 187 Ill. 36.

It will be observed that it is not necessary that the charitable trust shall be created by precise and definite language. If the intention of the testator is sufficiently clear, the court will lend aid to such intention. Our attention has not been called to any case that decided the question that a devise for a public bathhouse, to be used for the benefit of the people of a city, creates a charitable gift.

*In re Graves' Estate,* 242 Ill. 23, was an appeal from the judgment of the county court of Cook

county, in which the question involved was whether or not a devise of money to erect in a park a public drinking fountain for horses, in connection with a life-size bronze statue of a certain horse, was properly regarded as a charitable gift, and in deciding the case the court, among other things, said: "The sum of $30,000 is to be expended on this monument and drinking fountain. Its design is to be approved by and its erection will be under the control of the South Park Commissioners, and we can reasonably assume that when completed it will be artistic and ornamental. It is to be located in a conspicuous place in the park, will add to the beauty of the driveway and the grounds surrounding it and render that portion of the park more attractive and pleasing to the public who may view it and thus aid in the' fulfillment of the purpose for which parks are established and maintained, which is the pleasure and recreation of the public. It is provided by the will that the fountain shall contain a drinking basin for horses. This also renders the bequest charitable in its nature. Kindness and consideration for dumb animals are now universally regarded as commendable, and are encouraged and promoted by numerous humane societies which are organized and maintained with this sole purpose in view. The motives which prompt bequests intended to relieve the suffering or increase the comfort and enjoyment of animals should be, and are, regarded as charitable, and should receive the same favorable consideration accorded like sentiments when manifested in behalf of human beings."

The motives which prompt bequests intended to relieve the suffering or increase the comfort and enjoyment of the human race, and, in this particular instance, of the people of the City of Elgin, could not in our opinion be regarded otherwise than as charitable. It is evident from the trend of the authorities that the devise in controversy comes within the class of charitable gifts. Under our present civilization

communities, cities, town and villages have recognized that public baths add materially to the public welfare. In the large cities of the country, and especially in the City of Chicago, we have the example of the city and the public park boards spending large sums of money preparing the beaches along Lake Michigan for use as public baths and bathing places.

It is further contended by appellants that said clause does not provide for the appointment of successors to the trustees, and is therefore invalid on that account. This contention is not supported by the law. In Illinois, where the statute of charitable uses is in force, a gift to charity, if the object is definite, will not be allowed to fail for want of a trustee, and in such case a court of equity will administer the trust or appoint a trustee to administer it. *Hitchcock v. Board of Home Missions of Presbyterian Church*, 259 Ill. 288.

It is a general rule that a court of equity will not allow a gift for charitable uses, which is otherwise valid, to fail for want of a trustee, but will itself administer the trust or appoint a trustee to administer it. 11 Corpus Juris 332.

It is also urged that the provision authorizing the City of Elgin to take over the residuary estate is invalid because it violates the rule against perpetuities. However this may be, the gift to the trustees does not violate that rule, and it is unnecessary for us to decide in this case whether the gift to the city, if it should decide to accept it, is valid or not.

After an examination of all of the questions raised in this case, we are clearly of the opinion, and the conclusion is irresistible, that the testator had in mind to establish a public bathhouse for the benefit of the citizens of Elgin. The language employed by him clearly indicates that it is to be free unless the reasonable restrictions and rules of the trustees should require a nominal charge.

We conclude, therefore, that the decision of the

circuit court was right, and the order and judgment of said court is affirmed.

*Affirmed.*